## Richmond.

### MALLORY v. TAYLOR.

DECEMBER 7th, 1893.

1. ERROR—*Facts not certified.*—Where neither the evidence nor the facts are certified, this court cannot review a judgment setting aside a verdict and awarding a *venire de novo.*
2. NONSUIT—*Not final judgment.*—By suffering a nonsuit, plaintiff ends his present suit without prejudice to his right to bring another; and it is not a final judgment, but the opposite.

Error to a certain ruling of circuit court of Orange county, rendered March 3, 1891, in an action of ejectment, wherein the plaintiff in error, David C. Mallory, was plaintiff, and Wm. G. Taylor and Robena, his wife, were defendants. Opinion states the case.

*J. C. Gibson, J. W. Morton,* and *A. R. Blakey,* for plaintiff in error.

*Rixey & Barbour,* for defendant in error.

LACY, J., delivered the opinion of the court.

There appears to be no final judgment in this case to which a writ of error can lie. There was a verdict and judgment in this case on the 7th day of October, 1890. But this verdict and judgment were first suspended, and then set aside, and a

*venire de novo* ordered, whereupon the plaintiff excepted; and there is a bill of exception to this action of the circuit court, showing that the plaintiff (plaintiff in error here) excepted to this action of the court against him, but no facts are, and no evidence is certified, and we have nothing in the record upon which we can review the action of the circuit court and consider whether it be erroneous or otherwise. Upon the calling of the case upon the new trial, and the evidence being heard, but not recorded herein, the defendants demurred to the evidence of the plaintiff, and the plaintiff joined therein; whereupon the plaintiff asked to be allowed to enter a nonsuit, which leave was granted, and, the plaintiff being nonsuited and required to pay the costs, the defendants waived the five dollars damages. So there was end of that suit upon the motion of the plaintiff, the effect of which was that the plaintiff retracted his suit without prejudice (by that action of retracting his suit) to his right to bring another suit when so advised. But this is not a final judgment, and does not come within any provision of section 3454 of the Code of Virginia, and no writ lies thereto. A nonsuit is not a final judgment, but the opposite. 4 Minor Inst., pp. 859, 229; *Tucker* v. *Sandridge*, 82 Va., 535. Mr. Minor says: "In Virginia all employ the word 'nonsuit' to express any failure on the part of the plaintiff to prosecute his suit, whether upon being called at the trial or any other time. So that it includes not only the idea of a nonsuit proper, but also of a *non prosequitur* and of a *nolle prosequi* (*non pros.* and *nol pros.*, as they are respectively called.) The effect of the nonsuit in this comprehensive sense is to put an end to the pending suit without precluding another for the same cause of action. The nonsuit is resorted to in our practice when the plaintiff finds himself unprepared with evidence to maintain his cause, either in consequence of his being ruled into a trial when he is not ready or for any other reason. By our statute a nonsuit (that is, any voluntary abandonment of the cause)

must be suffered, if at all, before the jury retires from the box." Code, § 3387; 4 Minor Inst., p. 783. The writ of error, therefore, in this case must be dismissed as improvidently awarded.

ERROR DISMISSED.