RALPH A. WELLS, ET AL.

V.

LORCOM HOUSE CONDOMINIUMS' COUNCIL OF
CO-OWNERS, ET AL.

Record No. 860601

March 3, 1989

Present: Carrico, C.J., Compton, Stephenson, Thomas, Whiting, and Lacy, JJ.,
and Harrison, Retired Justice

*John S. Stump (McGuire, Woods, Battle & Boothe*, on briefs), for appellants.
*John P. McGeehan* for appellees.

COMPTON, J., delivered the opinion of the Court.

This appeal arises in a civil action brought to recover damages for alleged acts and omissions related to conversion of property from an apartment building to a condominium. Only procedural issues are raised. The dispositive questions are whether the trial

court properly allowed a nonsuit and whether the original plaintiff had standing to maintain the action.

In 1979, "Lorcom House Condominium," as sole plaintiff, brought this action against appellants Ralph A. Wells, Glenn A. Rounsevell, Elan Associates, and ABKO Corporation seeking recovery of compensatory and punitive damages. In a four-count motion for judgment, the plaintiff alleged that defendants were "the declarant-developer or successors to the declarant-developer" of Lorcom House, a "luxury highrise building" comprised of individual condominium units located in Arlington County. The plaintiff asserted that certain structural defects associated with conversion of the building from rental units caused water damage to certain common elements. Breaches of express and implied warranties, fraud, concealment, and misrepresentations were alleged.

In paragraph two of the motion for judgment, the plaintiff was identified first as "a condominium." In the same paragraph, the plaintiff next was described as "the association responsible for maintaining on behalf of its sixty (60) unit owners the undivided common elements in the structure."

Subsequently, defendants filed responsive pleadings denying the material allegations of the motion for judgment. In addition, defendants filed demurrers, pleas in bar, and motions to dismiss. Defendants asserted, *inter alia*, that the action should be dismissed because it had not been validly commenced "in that the supposed plaintiff is not an entity sui juris."

In August 1984, by memorandum opinion, the trial court noted that the action was instituted by "Lorcom House Condominium," and that no "other party or entity or person was named as a party plaintiff." The court ruled that the capacity of "Lorcom House Condominium" was "totally deficient," and that it was "a nonentity." The court said that the case "cannot continue to final judgment." On September 27, 1984, the trial court entered a "Final Order" which sustained the defendants' motions to dismiss "on the ground that plaintiff is a juridical non-entity."

Twenty-one days later, on October 18, 1984, the trial court, over defendants' objection, granted plaintiff leave to file an amended motion for judgment within 21 days "from the entry of this Order." No amended motion for judgment was filed within that time period.

On December 20, 1984, the trial court, over defendants' objection, permitted the plaintiff to file an amended motion for judg-

ment on that day against the defendants. Multiple parties plaintiff, appellees here, were named. They were: "Lorcom House Condominiums' Council of Co-Owners"; certain persons individually and as "Directors" of the Council; and the same individuals "On Behalf of Themselves and the Class of All Owners of Lorcom House Condominiums."

Defendants denied the material allegations of the amended motion for judgment. In addition, they filed a plea in bar, demurrer, and motion to dismiss. On June 20, 1985, oral argument was heard by the trial court on the issues raised by the various pleadings. On November 7, 1985, counsel for plaintiffs wrote the trial judge. Noting that the court had taken the various motions and demurrer "under advisement," counsel said: "Please be so kind as to inform me when your ruling may be expected." There is no response to that letter in the record.

On March 19, 1986, plaintiffs filed a notice and draft order for a voluntary nonsuit, according to the provisions of Code § 8.01-380, the nonsuit statute. The trial court granted the nonsuit on April 4, 1986, over defendants' objection, and dismissed the action without prejudice. We awarded defendants this appeal from that order.

Defendants contend that the trial court properly dismissed the action on September 27, 1984 as brought by a plaintiff which was a non-entity with no standing to maintain the action. Defendants say, however, that the trial court erred in permitting an amendment of a fatally defective original motion for judgment and in allowing substituted parties to enter the case by an amended motion for judgment.

In the alternative, defendants argue that even if the court lawfully could have allowed a timely amendment of the original motion for judgment, the court lost the power to do so when both the 21 days from the "Final Order" and the 21 days granted for such amendment expired without a filing. Defendants also contend that the trial court had no power to enter an order of nonsuit because, at the time the order was entered, the action had been "submitted to the court for decision," as provided in the nonsuit statute, and the plaintiffs had no right to take a nonsuit at that stage of the proceeding.

Accordingly, defendants ask that the nonsuit order of April 4, 1986 be set aside and that the case stand dismissed in accord with the trial court's "Final Order" of September 27, 1984.

The plaintiffs contend that the appeal should be dismissed because an order of nonsuit is not a final, appealable order. Alternatively, plaintiffs argue that the action had not been "submitted to the court for decision," within the meaning of the nonsuit statute, and that entry of the nonsuit order was proper. Further, plaintiffs say that the trial court properly acted within its judicial discretion in permitting the late filing of the amended motion for judgment. Finally, plaintiffs contend that, if we decide the trial court erred in granting the nonsuit, the September 1984 "Final Order" should not be reinstated. Plaintiffs argue that evidence is necessary to determine whether the original plaintiff was "anyone" and whether the plaintiffs in the amended motion for judgment were "new parties." At the very least, plaintiffs say, the case should be remanded "to make a record" on that issue to be ruled upon by the trial court.

■ Initially, we address the question whether the appeal was improvidently awarded. The effect of the plaintiffs' argument that the nonsuit order in this case is not appealable is to assert that this Court is powerless to review the propriety of a trial court's action in granting a nonsuit. We reject that idea.

■ The nonsuit statute, Code § 8.01-380, contains a number of limitations on a party's absolute right to take a voluntary nonsuit. For example, a party shall not be allowed to suffer a nonsuit "unless he does so before a motion to strike the evidence has been sustained or before the jury retires from the bar or before the action has been submitted to the court for decision." Code § 8.01-380(A). If a nonsuit has been allowed in violation of those, or other, provisions of the nonsuit statute, appellate review must be available to correct such an error.

Thus, where a dispute exists whether the trial court properly granted a motion for nonsuit, as in this case, we hold that the order of nonsuit is a final, appealable order within the meaning of Code § 8.01-670(A)(3) ("any person may present a petition for an appeal to the Supreme Court if he believes himself aggrieved . . . [b]y a final judgment in any . . . civil case"). *See Iliff* v. *Richards*, 221 Va. 644, 649-50, 272 S.E.2d 645, 648 (1980) (order of nonsuit is final, appealable judgment when it improperly dismisses a defendant against whom a cross-claim has been asserted).

■ Neither *Mallory* v. *Taylor*, 90 Va. 348, 18 S.E. 438 (1893), nor *Gemmell* v. *Svea Fire and Life Ins. Co.*, 166 Va. 95, 184 S.E.

457 (1936), relied on by plaintiffs, requires a contrary holding. In *Mallory*, the Court merely held that an order of nonsuit ordinarily is not considered to be a final judgment for purposes of appeal. In *Gemmell*, the Court held that an order of nonsuit could not be the basis for a plea of res judicata, where the nonsuit was taken in a *de novo* circuit court hearing on appeal after a judgment in the case had been entered in the court not of record. In neither case, however, was there a dispute about the propriety of the trial court's action in granting the nonsuit. *See generally J. I. Case Co. v. United Virginia Bank*, 232 Va. 210, 349 S.E.2d 120 (1986) (money judgment in detinue action properly entered against plaintiffs in course of granting nonsuit).

■ Next, we address the correctness of the trial court's action in granting the nonsuit. The question is whether the action had been "submitted to the court for decision," within the meaning of the nonsuit statute. We answer that question in the affirmative.

Among the matters upon which the parties had joined issue and which were argued to the trial court on June 20, 1985 were: defendants' demurrer attacking the legal sufficiency of the amended motion for judgment; defendants' plea in bar based on various statutes of limitations; and defendants' motion to dismiss. Any one of those pleadings were case dispositive if the court ruled in favor of the defendants. Moreover, the record is clear that no one, neither the trial judge nor the attorneys, contemplated that any further action, such as briefing, was necessary in order to enable the court to decide the issues. Indeed, counsel for the plaintiffs recognized this fact because he wrote the trial judge in November inquiring "when your ruling may be expected."

Consequently, we hold under these circumstances that the action had been "submitted to the court for decision," the request for nonsuit came too late, and the trial court erred in granting the request. *See Khanna v. Dominion Bank*, 237 Va. 242, 377 S.E.2d 378 (1989) (nonsuit motion properly denied when filed after court had announced decision); and *City of Hopewell v. Cogar*, 237 Va. 264, 377 S.E.2d 385 (1989) (nonsuit erroneously denied when motion made within 15-day period allowed by court for parties to file memoranda of law), decided today.

■ Finally, we address the question whether the trial court properly allowed an amended motion for judgment to be filed. This issue turns on whether the trial court correctly decided that "Lorcom House Condominium" was a juridical non-entity without

standing to maintain the action. We conclude that the court ruled correctly on the latter issue.

■ *Chesapeake House on the Bay, Inc.* v. *Virginia National Bank*, 231 Va. 440, 344 S.E.2d 913 (1986), decided after the trial court's ruling, controls here. In that case, Chesapeake, an incorporated association of condominium unit owners, sued the Bank in 1978 to recover damages for alleged defects in the construction of the common elements of a condominium project. The plaintiff alleged that the Bank, as construction lender, had negligently failed to require a performance bond from the general contractor. In 1980, an amended motion for judgment was filed adding the architects of the project and a structural engineer as parties defendant. Neither motion for judgment stated any connection between Chesapeake and the condominium project. In 1982, a second amended motion for judgment was filed which identified the plaintiff as a non-stock, non-profit, Virginia corporation endowed with all the duties set forth in the Horizontal Property Act. After the trial court sustained a demurrer, holding that the plaintiff had no standing to maintain the action, Chesapeake sought to amend " 'to add as parties-plaintiff the individual condominium owners who are members of the non-profit corporation [Chesapeake] . . . plaintiff herein . . . .' " *Id.* at 441, 344 S.E.2d at 914-15. The trial court denied the motion on the ground that a new party plaintiff cannot be added or substituted for a plaintiff who had no standing to institute the original action, relying on *Bardach Iron Co.* v. *Tenenbaum*, 136 Va. 163, 118 S.E. 502 (1923).

We affirmed the trial court because, prior to 1981, the applicable statutes did not vest power in a unit owners' association to maintain actions relating to the common elements of a condominium, the power being vested in the individual unit owners. Thus, we held that because Chesapeake had no standing to institute the action, a new plaintiff could not be substituted for the original plaintiff by mere amendment to the pleadings. We said that "the sole remedy is a nonsuit followed by a new action brought in the name of a proper plaintiff." 231 Va. at 443, 344 S.E.2d at 915.

The precise situation prevails in the present case. The circumstances are shown on the face of the pleadings and no additional "record" is necessary to rule on the question.

■ This is an action asserting claims for damages to the common elements of a condominium regime established in 1973. The original motion for judgment was filed in 1979 in the name of

"Lorcom House Condominium," a non-entity. The designation apparently was meant to refer to the "Council of Co-Owners of Lorcom House Condominiums." But under the applicable statutes, reviewed in *Chesapeake House*, a unit owners' association did not obtain the power to act as attorney-in-fact for individual unit owners in asserting claims relating to the common elements until 1981. *Id.* at 442, 344 S.E.2d at 915. Therefore, the plaintiff named in this 1979 action had no standing to maintain it.

Because the trial court correctly ruled on the standing question, it follows that the court erred in permitting the amended motion for judgment to be filed. As in *Chesapeake House*, the substance of the effort to file the amended motion was to substitute new parties plaintiff, who would have standing to maintain the action, in lieu of a plaintiff, which lacked standing. Such a substitution amounts to the assertion of a new cause of action and an order permitting such substitution constitutes reversible error. *Norfolk So. R. Co.* v. *Greenwich Corp.*, 122 Va. 631, 95 S.E. 389 (1918) (error to permit substitution as plaintiffs the individual owners of corporation that was originally named as plaintiff).

In view of the foregoing ruling, we do not reach the question whether the trial court had the power to extend the time for filing the amended motion for judgment.

For these reasons, the nonsuit order appealed from will be reversed and final judgment will be entered dismissing the action.

*Affirmed in part,*
*reversed in part,*
*and final judgment.*