## CIRCUIT COURT OF ROANOKE COUNTY

Joy R. McManama

v.

Doris C. Plunk,
Administratrix .

Case No. CL92000005

Joy R. McManama

v.

Terry L. Plunk

Case No. CL92000052

April 7, 1994

BY JUDGE KENNETH E. TRABUE

This letter will formalize the decision announced at the hearing held on April 7, 1994, wherein I sustained defendants' motions to dismiss because the motions for judgment were not timely filed within the two-year statute of limitations or any permitted extension thereof.

The automobile accident occurred on September 5, 1988. A first suit was filed against Terry Plunk on August 27, 1990, nine days before the statute of limitations would have run. The defendant was never served, nor was service of process requested. The defendant in fact was in the armed services and was killed in action in the Persian Gulf war on February 26, 1991. A "nonsuit order" was entered on August 29, 1991, one year and two days after suit was filed. This court never acquired in personam jurisdiction over the defendant prior to his death; and no administrator, executor, or personal representative was ever substituted in his stead; and the order which dismissed the case on August 29, 1991, was ex parte and was without notice of hearing or opportunity to be heard by either the defendant or his estate.

On January 6, 1992, suit CL92000005 was filed against the defendant, Doris C. Plunk, Administratrix of the Estate of Terry L. Plunk. The defendant administratrix was served with process on January 8, 1992; and thereafter, the defendant filed her special pleas and motions to dismiss. Thereafter, on February 6, 1992, plaintiff filed suit under CL92000052 against Terry L. Plunk. On February 19, 1992, the plaintiff appeared before the Honorable G. O. Clemens and filed a motion to substitute Doris C. Plunk, Administratrix for the initial defendant Terry L. Plunk who was deceased. At the same time, an amended motion for judgment was filed against the administratrix. The order entered by the court was ex parte and without notice to Doris C. Plunk, Administratrix, who was represented by counsel and who had already made an appearance and filed pleadings in the prior suit against her (CL92000005). Service of process on the third suit was by posting on February 24, 1992. The defendant thereafter filed a special plea in bar of the statute of limitations and a motion to dismiss.

The pleas of the statute of limitations are sustained, and the motions to dismiss are granted.

I find that the "nonsuit order" entered in the initial suit had the limited effect of being a dismissal order without determining the merits and that the tolling of the statute of limitations during the pendency of the suit is governed by Va. Code § 8.01–229(E)(1) (1992). The initial suit was filed nine days prior to the running of the two-year statute of limitations; and inasmuch as neither suit No. 2 nor suit No. 3 was filed within nine days of the nonsuit order of August 29, 1991, plaintiff's causes of action are barred. It is the plaintiff's position that she took a voluntary nonsuit as prescribed in Va. Code § 8.01–380 (1992) and therefore had six months to reinstitute the action pursuant to paragraph Va. Code § 8.01–229(B)(2) or Va. Code § 8.01–229(E)(3) and that the statute of limitations was therefore tolled because suits Nos. 2 and 3 were filed within six months of the nonsuit order of the first case.

Va. Code § 8.01–229(B)(2)(a) and (b) (1992) are not applicable because the events described therein did not happen in this case.

The court holds that the nonsuit order entered on the first case on August 29, 1991, did not have the legal effect of triggering a six months' extension to the statute of limitations under Va. Code § 8.01–229(E)(3) (1992). A valid voluntary nonsuit order under Va. Code § 8.01–380 (1992) is a final judgment in a civil case appealable under Va. Code § 8.01–670 (1992), *Wells v. Lorcom House Condomini-*

*ums' Council*, 237 Va. 247 (1989). However, I am of the opinion that for such an order to have any binding effect on a defendant or to adversely affect the substantive rights of a defendant, the defendant must first had to have been served with process, must have been before a court with jurisdiction over the defendant's person, and the defendant must have been given notice of hearing and an opportunity to be heard. To hold otherwise would be to deny the defendant civil due process of law as guaranteed by Article I, Section 11, of the Constitution of Virginia. Rule 3:3 of the Supreme Court of Virginia provides in part:

> No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him.

The plaintiff had this action dismissed because she did not attempt service of process within one year. A dilatory plaintiff should not be permitted to create a two-year-and-six-month statute of limitation in an action for personal injury simply by filing a suit and never serving the defendant with process during the pendency thereof.

Mrs. Speight may prepare orders of dismissal in each of these cases preserving the plaintiff's objections upon the grounds stated in her memoranda.