Present:  All the Justices

JOY R. McMANAMA

OPINION BY JUSTICE A. CHRISTIAN COMPTON
v.  Record No. 941440                    June 9, 1995

DORIS C. PLUNK, ADMINISTRATRIX, ETC.

FROM THE CIRCUIT COURT OF ROANOKE COUNTY
Kenneth E. Trabue, Judge

This appeal attacks a party's statutory right to one voluntary nonsuit, as authorized by Code § 8.01-380(B).

Code § 8.01-229(E)(3) also is implicated here.  As pertinent, the subsection provides that "[i]f a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation, . . . whichever period is longer."

The chronology is important.  On September 5, 1988, appellant Joy R. McManama, the plaintiff below, was injured while a passenger in a vehicle that was struck by a vehicle operated by Terry L. Plunk.

On August 27, 1990, the plaintiff filed a first motion for judgment in the trial court against Plunk seeking recovery of damages for negligently inflicted personal injuries.  When the suit papers were filed, counsel for the plaintiff instructed the clerk not to effect service of process "at this time."  Plunk never was served with process.

On February 26, 1991, Plunk was killed while on active duty with the armed forces in the Persian Gulf War. On July 30, 1991, Doris C. Plunk qualified as "administratrix"[*]T of the estate of Terry L. Plunk, deceased.

On August 29, 1991, in an ex parte order that is the focus of this controversy, the trial court granted plaintiff's motion for a voluntary nonsuit of the pending action.

On January 6, 1992, the plaintiff filed a second motion for judgment on the same cause of action asserted in the first motion for judgment, naming as defendant appellee "Doris C. Plunk, Administratrix of the Estate of Terry L. Plunk, deceased." The defendant was served with process and, on January 23, 1992, filed a special plea of the two-year statute of limitations and motion to dismiss. Defendant objected to the filing of the second action on the ground that a refiling after a nonsuit must be "against the same party," Code § 8.01-380(A), and an individual decedent and the personal representative of his estate are not "the same party."

On February 6, 1992, plaintiff filed a third motion for judgment on the same cause of action asserted in the two previous motions for judgment, naming "Terry L. Plunk" as defendant. On February 19, 1992, plaintiff filed a motion in the third action asking to substitute the personal representative "as the

_____

[*]The relevant statutes deal with qualification of an "administrator," not an "administratrix." See, e.g., Code §§ 64.1-117, -120, -122.1, -128, and -131.

Defendant herein."

On the same day, an _ex_ _parte_ order was entered at the request of plaintiff's counsel allowing the substitution and the filing of an amended motion for judgment naming the personal representative as defendant.  The order recited that it appeared "this is the refiling of a previously non-suited action against Terry L. Plunk, who is now deceased."  The order further provided for service of process upon the substituted defendant.

On March 13, 1992, the defendant personal representative filed a special plea of the statute of limitations and motion to dismiss, asking that the third action be dismissed with prejudice.  The trial court heard oral argument on the pleas and motions in April 1992.

In an April 1994 letter opinion, the trial court sustained the special pleas and granted the motions to dismiss.  During its recitation of facts, the court noted that the August 29, 1991 nonsuit order was entered one year and two days after the first action was filed.  The court stated that it "never acquired in personam jurisdiction over the defendant prior to his death; and no administrator, executor, or personal representative was ever substituted in his stead; and the order which dismissed the case on August 29, 1991, was ex parte and was without notice of hearing or opportunity to be heard by either the defendant or his estate."

The court determined "that the `nonsuit order' entered in

the initial suit had the limited effect of being a dismissal order without determining the merits and that the tolling of the statute of limitations during the pendency of the suit is governed" by Code § 8.01-229(E)(1).  The portion of that subsection upon which the trial court focused provides that "if any action is commenced within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period."  The court said, "The initial suit was filed nine days prior to the running of the two-year statute of limitations; and inasmuch as neither suit No. 2 nor suit No. 3 was filed within nine days of the nonsuit order of August 29, 1991, plaintiff's causes of action are barred."

Noting the plaintiff's contention that she had six months from the date of the nonsuit order to reinstitute the action pursuant to Code § 8.01-229(E)(3), supra, the trial court held "that the nonsuit order . . . did not have the legal effect of triggering a six months' extension to the statute of limitations under" the foregoing subsection.  The court said, "A valid voluntary nonsuit order . . . is a final judgment in a civil case appealable under" Code § 8.01-670 (providing for appeals of final judgments).

Continuing, the trial court stated that "for such an order

- 4 -

to have any binding effect on a defendant or to adversely affect the substantive rights of a defendant, the defendant must first had to have been served with process, must have been before a court with jurisdiction over the defendant's person, and the defendant must have been given notice of hearing and an opportunity to be heard."  The court said, "To hold otherwise would be to deny the defendant civil due process of law as guaranteed by Article I, Section 11, of the Constitution of Virginia."

Concluding, and noting that Rule 3:3 provides that no judgment shall be entered against a defendant served with process more than one year after the commencement of the action unless the plaintiff has exercised due diligence to have timely service made, the trial court stated, "The plaintiff had this action dismissed because she did not attempt service of process within one year.  A dilatory plaintiff should not be permitted to create a two-year-and-six-month statute of limitation in an action for personal injury simply by filing a suit and never serving the defendant with process during the pendency thereof."

We awarded the plaintiff an appeal from the May 1994 order dismissing with prejudice both pending actions.  The trial court designated the papers in the second action to be "the master file" and provided that any determination by this Court on appeal would be binding in both the second and third actions.  Thus, for clarity, we will address the second action only.

We disagree with the trial court's statutory analysis and with its constitutional ruling. First, the August 1991 order granting the plaintiff a voluntary nonsuit was not a final, appealable order. Ordinarily, an order of nonsuit is not to be considered a final judgment for purposes of appeal. Mallory v. Taylor, 90 Va. 348, 349, 18 S.E. 438, 439 (1893). An order of nonsuit is a final, appealable order within the meaning of Code § 8.01-670(A)(3) ("any person may present a petition for an appeal to the Supreme Court if he believes himself aggrieved . . . [b]y a final judgment in any . . . civil case"), only when a dispute exists whether the trial court properly granted a motion for nonsuit. Wells v. Lorcom House Condominiums' Council, 237 Va. 247, 251, 377 S.E.2d 381, 383 (1989).

In the present case, there was no dispute at the time the nonsuit order was entered about the propriety of the trial court's action in granting the nonsuit. Code § 8.01-380, the nonsuit statute, while giving a party the absolute right to one voluntary nonsuit, contains a number of limitations on that right, none of which could have applied here. Therefore, the trial court erred in ruling that the nonsuit order had "the limited effect of being a dismissal order without determining the merits" and that Code § 8.01-229(E)(1) governed the tolling of the statute of limitations during the pendency of the first action. On the contrary, the August 1991 order was fully and completely effective as a nonappealable voluntary nonsuit.

Second, the trial court erroneously placed limitations on the plaintiff's right to the voluntary nonsuit when it ruled that defendant "must first had to have been served with process, must have been before a court with jurisdiction over the defendant's person, and the defendant must have been given notice of hearing and an opportunity to be heard." None of these requirements is found in the applicable statutes, and a court should not add them by judicial fiat. The trial court had subject matter jurisdiction over the first action enabling it to properly enter an order granting plaintiff a voluntary nonsuit. See Morrison v. Bestler, 239 Va. 166, 173, 387 S.E.2d 753, 758 (1990). Therefore, the plaintiff's nonsuit of her first action was valid, the two-year statute of limitations was tolled, and the plaintiff properly recommenced her action within six months from the date of the nonsuit order as authorized by Code § 8.01-229(E)(3).

Finally, the trial court's alternative, constitutional ruling is erroneous. Supporting the trial court's ruling, defendant contends that, while plaintiff had the right to sue Plunk within two years of the accident, Plunk had a "substantive right" not to be sued more than two years after the accident. Defendant says that Plunk had the following additional "substantive rights": to defend plaintiff's action; to challenge, if appropriate, plaintiff's termination of the litigation by nonsuit; to challenge where and when plaintiff recommenced an action terminated by a proper nonsuit; and to

notice an appeal from "an improper nonsuit."

According to defendant, Plunk's entitlement to due process protection of these "substantive rights" attached when plaintiff filed her first motion for judgment, and plaintiff thereafter could not affect Plunk's "substantive rights" at any stage of the litigation without according Plunk due process. Thus, contends defendant, plaintiff "could not use the termination of the First Action to adversely affect Plunk's substantive right not to be sued more than two years after the accident." We disagree.

We have already rejected a similar argument in Clark v. Butler Aviation-Washington Nat'l, Inc., 238 Va. 506, 512 n.5, 385 S.E.2d 847, 850 n.5 (1989). In Clark, a personal injury action arising from a motor vehicle collision, plaintiff filed a motion for judgment two days before the two-year statute of limitations was due to run on the claim. Process was not served on the defendant until more than one year after the date of filing the motion for judgment. Defendant moved to quash the service of process, but before any action on such motion, plaintiff was granted a voluntary nonsuit. Then, more than two years after the accident occurred, plaintiff recommenced his action by filing another motion for judgment asserting the same claim. The trial court sustained defendant's plea of the statute of limitations.

We reversed the trial court, and harmonized an apparent conflict between Rule 3:3, § 8.01-229(E)(3), and § 8.01-380. In addition, we addressed the Clark defendant's "warning" that a

ruling adverse to its position would result in the denial of due process of law.  It asserted a "justifiable expectation" that it was protected by the time limits of the applicable statute of limitations and Rule 3:3.  Clark, 238 Va. at 512 n.5, 385 S.E.2d at 850 n.5.  The Clark defendant claimed that once the time limits of the statute of limitations and the Rule had expired, its right to assert the statute and the Rule as a defense became a vested right, fully protected by the due process clauses of the State and Federal constitutions.

We stated, however, that when the plaintiff suffered a voluntary nonsuit, he too had a "justifiable expectation," viz., that he would be entitled to the benefit of the six-month period allowed by § 8.01-229(E)(3) in which to recommence his action. Id.  We said that if both postulates are accepted, a complete legal standoff would result.  Accordingly, we accepted the plaintiff's premise, and rejected the defendant's, to avoid the standoff.  Id.

Likewise, as the Clark defendant had no legitimate constitutional claim of entitlement or vested right in the statute of limitations or Rule 3:3 defenses, neither did the defendant in this case.  Article I, § 11 of the Constitution of Virginia provides that "no person shall be deprived of his life, liberty, or property without due process of law."  Procedural due process guarantees that a person shall have reasonable notice and opportunity to be heard before any binding order can be made

affecting the person's rights to liberty or property.  Commission of Fisheries v. Hampton Roads Oyster Packers and Planters Ass'n, 109 Va. 565, 585, 64 S.E. 1041, 1048 (1909).  The procedural due process guarantee does not create constitutionally protected interests; rather, it provides procedural safeguards against government's arbitrary deprivation of certain interests.  Etheridge v. Medical Center Hospitals, 237 Va. 87, 97, 376 S.E.2d 525, 530 (1989).

Certainly, no liberty interest is implicated here; so the focus is on a property interest.  When procedural due process respecting deprivation of a property interest is challenged, a two-step inquiry is employed.  Klimko v. Virginia Employment Comm'n, 216 Va. 750, 754, 222 S.E.2d 559, 563, cert. denied, 429 U.S. 849 (1976).  "The first inquiry is whether the interest is a property interest protected by procedural due process guarantees; if so, the second is whether the procedures prescribed or applied are sufficient to satisfy the due process `fairness' standard."  Id., 222 S.E.2d at 564.

We need pursue only the first inquiry, that is, whether entry of the ex parte order of voluntary nonsuit in the first action deprived Plunk of any protected property interest.  We answer that query in the negative.

The grant of the nonsuit did not operate to deprive Plunk of any valid or vested defense of the statute of limitations, or of the time limits of Rule 3:3, as we pointed out in Clark.  The

fact that the <u>Clark</u> defendant may have had actual knowledge or notice of the nonsuit, while this defendant did not, does not affect the force of the <u>Clark</u> precedent. We determined in <u>Clark</u> that the defendant, like Plunk in the present case, simply had no property interest to protect. In other words, Plunk had no justifiable expectation of a Rule 3:3 or statute of limitations defense under Virginia law that was entitled to protection under the due process clause of the Constitution.

And, Plunk was not deprived of any other property interest, or prejudiced in any way, by the nonsuit. For example, this was not a situation, as in <u>Iliff</u> v. <u>Richards</u>, 221 Va. 644, 272 S.E.2d 645 (1980), in which the defendant was prevented from prosecuting a cross-claim when an order of nonsuit was entered without notice to him. The defendant here has specified no reason why the plaintiff did not enjoy the absolute right to the grant of a voluntary nonsuit.

Consequently, the trial court erred in refusing to give effect to the order of nonsuit on the ground that its <u>ex</u> <u>parte</u> entry violated the constitutional guarantee of procedural due process.

In conclusion, we reject defendant's contention that neither the second action nor the third action was timely. Both were filed within the six-month extension granted by § 8.01-229(E)(3). Contrary to defendant's contention, the filing of the third action, "against a known dead person," was not a nullity. <u>Cf</u>.

Rennolds v. Williams, 147 Va. 196, 199, 136 S.E. 597, 598 (1927) (judgment against one dead when action brought a nullity). And, the personal representative properly was substituted as a party defendant. Code § 8.01-229(B)(2)(b) ("If a person against whom a personal action may be brought dies before suit papers naming such person as defendant have been filed with the court, then such suit papers may be amended to substitute the decedent's personal representative as party defendant before the expiration of the applicable limitation period. . ."). Plunk died before the suit papers in the third action had been filed with the court. Thus, the foregoing statutory provision applied.

Therefore, the judgment appealed from will be reversed, and the case will be remanded for further proceedings.

                                        Reversed and remanded.

JUSTICE WHITING, with whom JUSTICE KEENAN joins, dissenting.

In my opinion, the majority has misconstrued Code § 8.01-380 as a grant of a statutory right when it is actually a restriction upon a common-law right. Thus, this section does not specify the requirements for obtaining a nonsuit at common-law, including the requirement of service of process on the defendant. Instead, the statute merely imposes additional restrictions upon the use of this common-law procedure.

I base my opinion upon a consideration of (1) the basis and long-standing use of nonsuits at common-law, and (2) the

following statutory provisions:

> A party <u>shall not be allowed to suffer a</u> <u>[voluntary] nonsuit</u> as to any cause of action or claim, or any other party to the proceeding, unless he does so before a motion to strike the evidence has been sustained or before the jury retires from the bar or before the action has been submitted to the court for decision.

Code § 8.01-380(A) (emphasis added) (the nonsuit statute).

> If a plaintiff <u>suffers a voluntary nonsuit</u> as prescribed in [Code] § 8.01-380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation . . . whichever period is longer.

Code § 8.01-229(E)(3) (emphasis added) (the nonsuit tolling statute).

> [I]f any action <u>is commenced</u> within the prescribed limitation period and for any cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period.

Code § 8.01-229(E)(1) (emphasis added) (the dismissal statute).

"Nonsuit at common-law was the judgment given against the plaintiff when he was not in court to answer to the <u>demand of the</u> <u>defendant</u>." Neil C. Head, <u>The History and Development of</u> <u>Nonsuit</u>, 27 W.Va.L.Q. 20, 21 (1920) (emphasis added). According to Blackstone:

> [I]f the plaintiff neglects to deliver a declaration for two terms <u>after the defendant appears</u> . . . , he is adjudged not to follow or pursue his remedy as he ought to do, and thereupon a nonsuit or non prosequitur is entered; and he is said to be nonpros.'d. And for thus deserting his complaint, after making a false claim or

- 13 -

complaint . . . he shall not only pay costs to the defendant, but is liable to be amerced to the king.

3 William Blackstone, Commentaries *295-96 (1768) (emphasis added).

A Virginia commentator, citing applicable Virginia statutes, noted that:

> If the plaintiff neglects to file his declaration on the rule day at which the process is returned executed, the defendant may give him a rule to declare, and if he fails or neglects to do so at the next rule day, which is one month after, or if he at any time fails to prosecute his suit (1 R.C. ch. 128, § 72,) he is adjudged not to follow or pursue his remedy as he ought to do [and] a nonsuit . . . is entered.

2 Henry St. George Tucker, Commentaries on the Laws of Virginia 251 (1837) (emphasis added).

And the following nonsuit statutes in Virginia reflected the common-law rule:

> A defendant may appear at the rule day at which the process against him is returnable, or, if it be returnable in term, at the first rule day after the return day, and, if the declaration or bill be not then filed, may give a rule for the plaintiff to file the same. If the plaintiff fail to do this at the succeeding rule day, or shall, at any time after the defendant's appearance, fail to prosecute his suit, he shall be non-suited, and pay the defendant, besides his costs, five dollars.

Code § 8-86 (repealed Acts 1954, c. 593); Code § 6078 (1942); Code § 6078 (1919); Code § 3240 (1887); Code 1849 c. 171 § 5.

> The plaintiff shall file his declaration in the clerk's office on the rule day at which the writ or other process shall be returned executed; or, the defendant having entered his appearance, may give a rule for the plaintiff to declare; which if he fails or neglects to do, at the succeeding rule day, or shall at any time fail to prosecute his suit, he shall be nonsuited, and pay to the defendant or tenant, besides

his costs, five dollars.

Code 1819, c. 128 § 72 (emphasis added).

> [I]n all personal actions the plaintiff shall file his declaration, within one month after the defendant shall have entered his appearance with the clerk in the secretary's office, and if the plaintiff shall fail or neglect so to do, or if any plaintiff or demandant fails to appear and prosecute his suit, he shall be nonsuit.
>
> That where any nonsuit shall be awarded, there shall be paid for the same, to every defendant or tenant, one hundred and fifty pounds of tobacco, and costs. . . .

Acts 1753, c. 1 § 24; 6 William Waller Hening, Statutes at Large 335.  (Emphasis added.)

I read these statutes (1) as reflecting the common-law right to "suffer a nonsuit" after a defendant has been served, and (2) as imposing a penalty upon that common-law right.  As this Court said in applying Chapter 72 of the Code of 1819, the five-dollar penalty provision justly imposes

> a penalty on the Plaintiff for vexing his adversary with a suit, which is afterwards abandoned, and giving some remuneration to the Defendant, for the expense and trouble to which he has been exposed [and] extends, in our opinion, to all cases of a voluntary desertion of the cause by the Plaintiff after the appearance of the Defendant, whether that desertion shall happen in a failure to declare; to answer his adversary in any of the subsequent stages of the cause before issues are formed; or shall be occasioned by the dismission, or discontinuance of the suit after an appearance.

Pinner v. Edwards, 27 Va. (6 Rand.) 675, 677 (1828) (emphasis added.)

Henry St. George Tucker's comment and these statutes also reflect the common-law evolvement of the voluntary nonsuit.

Thus, the plaintiff's failure to file the necessary declaration was expanded to permit him to "suffer" the voluntary nonsuit even though he was actually present in court. Slocum v. New York Life Ins. Co., 228 U.S. 364, 392 (1913); James L. Tucker, Note, The Voluntary Nonsuit in Virginia, 7 Wm. & Mary L. Rev. 357 (1966). The General Assembly indicated its awareness of this evolution by imposing additional restraints upon this common-law right in its enactment of the ancestor of the present nonsuit statute containing the following restriction upon the common-law right "to suffer" a voluntary nonsuit during trial: "Every person desirous of suffering a non-suit, on trial shall be barred therefrom, unless he do so before the jury retire from the bar." Acts 1788, c. 67 § 61; 12 William Waller Hening, Statutes at Large 749. This restriction has been refined and continued in the present nonsuit statute.

In this common-law and statutory setting, the General Assembly enacted a nonsuit tolling statute in 1977. Implicit in this enactment was a recognition that the defendant had been served with process at the time of the nonsuit. Acts 1977, c. 617. Given this background, I conclude that the General Assembly did not feel it necessary to state the obvious--that a defendant had been served with process before a nonsuit order was "appropriate."[**]

---

[**]I believe the majority's misconstruction is best reflected in its statement that "there was no dispute at the time the nonsuit order was entered about the propriety of the trial court's action in granting the nonsuit."

Accordingly, I do not regard the requirement of service of process upon the defendant as a "judicial fiat," but a construction of the statute consistent with the history of nonsuits in Virginia and in the manner intended by the General Assembly. This construction reflects a fair balancing of the rights of both parties and makes sense in the context of at least two restrictions upon the plaintiff's nonsuit rights that were enacted in 1983 and set forth in Code § 8.01-380(A) and (B): after a nonsuit, ordinarily, the new action must be filed in the same court and a defendant can object to a second nonsuit.[***] Acts 1983, c. 404. If the defendant never knew of the first action, how could he assert either of these objections? And this construction is consistent with our practice of avoiding, whenever possible, a construction of statutes in a manner that

(..continued)

How could there have been a dispute when the defendant had no notice of (1) the pendency of the action, or (2) the plaintiff's plan to nonsuit her case "at the time the [ex-parte] nonsuit order [prepared by plaintiff's counsel] was entered?" However, promptly upon notification, the opposing party disputed "the propriety of the trial court's action in granting the nonsuit." And upon being advised of "the dispute," the trial court effectively ruled that the order was entered improperly as a nonsuit order by holding that "the `nonsuit order' entered in the initial suit had the limited effect of being a dismissal order without determining the merits."

[***]As pertinent here, Code § 8.01-380(A) provides that: "After a nonsuit no new proceeding on the same cause of action or against the same party shall be had in any other court other than that in which the nonsuit was taken," and Code § 8.01-380(B) provides that "[o]nly one nonsuit may be taken to a cause of action or against the same party to the proceeding, as a matter of right."

- 17 -

raises the constitutional issues discussed by the majority.  See Jacobs v. Meade, 227 Va. 284, 287, 315 S.E.2d 383, 385 (1984); Eaton v. Davis, 176 Va. 330, 339, 10 S.E.2d 893, 897 (1940).[****]

Here, to avoid the restriction of Rule 3:3(c),[*****] the plaintiff could have had her "commenced,"[******] but unserved, action dismissed and received the benefit of the tolled period of the dismissal statute--the nine-day period remaining in the original statute of limitations at the time she filed the action.  However, the plaintiff sought the longer period of six months under the nonsuit tolling statute--a period entirely unrelated to the original period of the statute of limitations.  Unlike the majority, I think the plaintiff had to obtain service of process upon the defendant to avail herself of this extra six months.

For these reasons, I would affirm the judgment of the trial court.

_____

[****]In Clark v. Butler Aviation-Washington Nat'l, Inc., 238 Va. 506, 385 S.E.2d 847 (1989), which the majority cites as a controlling case, process had been served upon the defendant. Therefore, we did not decide the present issue in Clark.

[*****]Rule 3:3(c) provides:

> No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him.

[******]An action is "commenced" when the motion for judgment is filed in the clerk's office, Rule 3:3(a), and the statute of limitations is tolled during the pendency of the action. Code § 8.01-229(E)(1).