COURT OF APPEALS OF VIRGINIA


Present: Judges Beales, Powell and Alston
Argued at Richmond, Virginia


J. MICHAEL SHARMAN, ETC.

                                                    MEMORANDUM OPINION[*] BY
v.       Record No. 0140-09-2                    JUDGE ROSSIE D. ALSTON, JR.
                                                         FEBRUARY 9, 2010

CATHERINE P. GILLEPSIE AND
  ANDRE HAKES


                    FROM THE CIRCUIT COURT OF ORANGE COUNTY
                             Daniel R. Bouton, Judge

            (J. Michael Sharman, Guardian *ad litem* for infant child;
            Commonwealth Law Offices, P.C., on briefs), for appellant.
            Appellant submitting on briefs.

            Bruce R. Williamson, Jr. (Dana M. Slater; Tucker Griffin Barnes,
            P.C., on brief), for appellees.


        J. Michael Sharman (appellant),[1] the guardian *ad litem* for the infant child, appeals a

circuit court order holding that an order of nonsuit issued by the juvenile and domestic relations

district court was not a final order or judgment within the meaning of Code § 16.1-296 and,

therefore, the circuit court did not have subject matter jurisdiction over the case. On appeal,

<hr/>

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Although this issue was not raised or briefed by the parties, and thus, it is not
appropriate for our consideration, we would note that the styling of this case is unusual. It is
undisputed that a guardian *ad litem* "may file affirmative pleadings necessary to protect the
ward's interest." Stanley v. Fairfax County Dep't of Soc. Servs., 242 Va. 60, 62, 405 S.E.2d
621, 622 (1991). However, when the guardian *ad litem* does so, he is acting on the ward's
behalf. Id. Mr. Sharman cited no authority as to why he should be considered a named party,
nor why the case is styled Sharman v. Gillepsie, rather than Hakes v. Gillepsie, as it was in the
circuit court. Our identification of Mr. Sharman as the "appellant" in this matter does not
establish precedent for a guardian *ad litem*, standing alone, to be a "party" under the Rules of the
Supreme Court of Virginia.

appellant argues that (1) the circuit court wrongfully prohibited appellant from filing pleadings or presenting an argument against the motion to strike the appeal and the motion to dismiss filed by the other parties to the matter; (2) appellant has the statutory right, without further re-appointment by the circuit court, to represent the interests of the child in an appeal from the juvenile and domestic relations district court; and (3) the circuit court had jurisdiction to consider appellant's cross-petitions to determine custody and visitation, which were filed in the juvenile and domestic relations district court before the original petitioner's motion for nonsuit was heard or entered. Pursuant to Rule 5A:21(b), Catherine P. Gillepsie (mother) and Andre Hakes (Hakes) (collectively, appellees) presented the following questions on appeal: (1) Should the appeal be dismissed because appellant is no longer the guardian *ad litem* and has no standing in this case? (2) Did the questions presented by appellant present issues upon which the Court of Appeals may grant relief? and (3) Did the circuit court err in finding that it did not have subject matter jurisdiction? For the following reasons, we affirm the trial court.

## I. BACKGROUND[2]

The facts of this case are not in dispute. Appellees were living together when mother adopted a child (child) from Vietnam in May 2007. On April 14, 2008, Hakes filed petitions for custody and visitation in the juvenile and domestic relations district court. That same day, Hakes filed a proposed consent order, endorsed by both mother and Hakes, which provided mother and Hakes joint legal and physical custody of child. The following week, the juvenile and domestic relations district court issued an order appointing appellant as child's guardian *ad litem*. On April 30, 2008, Hakes filed a motion for nonsuit. On May 2, 2008, appellant, in his capacity as guardian *ad litem*, filed cross-petitions to determine custody and visitation, on the grounds that

---

[2] As the parties are fully conversant with the record in this case, and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of this appeal.

child's paternity needed to be established and that child's father needed to be made aware of the court proceedings. Four days later, Hakes moved to dismiss appellant's cross-petitions so that the requested nonsuit could be granted.

On August 5, 2008, the juvenile and domestic relations district court endorsed an order of nonsuit. Appellant timely noted his appeal to the circuit court. Appellees filed a "Joint Motion to Strike Notice of Appeal and to Dismiss Appeal for Lack of Subject Matter Jurisdiction" on October 14, 2008. Among other arguments, they contended that the order granting the nonsuit in the juvenile and domestic relations district court was not a "final order or judgment of the juvenile court affecting the rights or interests of any person coming within its jurisdiction" pursuant to Code § 16.1-296(A), and, thus, the circuit court lacked subject matter jurisdiction and must dismiss the appeal.

Thereafter, appellees filed a joint motion for the removal of appellant as guardian *ad litem* in the circuit court, and asking the circuit court to decline to appoint a guardian *ad litem* for the circuit court proceedings. At a hearing on October 27, 2008, the circuit court initially determined that if it did not have subject matter jurisdiction over the appeal, there was no need to appoint a guardian *ad litem*. Consequently, the circuit court decided that it would rule on the issue of subject matter jurisdiction prior to moving forward on appellees' motion regarding the guardian *ad litem* and that a guardian *ad litem* would not be appointed by the circuit court prior to this determination. Appellant objected. Ultimately, the trial court concluded that because it lacked subject matter jurisdiction, it had no authority to act under any circumstances, and thus did not rule upon appellees' motion to forego appointing a guardian *ad litem* in the circuit court.

After a hearing, in which appellant was not allowed to present argument, the circuit court issued a "Final Judgment Order," holding that the August 5, 2008 juvenile and domestic relations order "is a final order for purposes of Rule 1:1, but that it is not a 'final order or judgment

- 3 -

affecting the rights or interests of any person' within the meaning of Code § 16.1-296(A), and is, therefore, not an order subject to an appeal to [the circuit court]." Thus, the circuit court found that it did not have subject matter jurisdiction over the case. This appeal followed.

## II. ANALYSIS

### A. Motion to Strike Appellees' Questions Presented

Preliminarily, this Court must address appellant's motion to strike the questions presented by appellees on appeal. Appellant argues that appellees failed to comply with Rule 5A:21(b) in their brief, because they raised three questions different or additional to those raised by appellant, but failed to provide "a clear and exact reference to the page(s) of the transcript, written statement, record or appendix where each additional question was preserved in the trial court." Rule 5A:21(b).

Rule 5A:21(b) states, in its entirety:

> The brief of appellee shall contain: . . . A statement of the case and of the questions presented if the appellee disagrees with the statement or questions presented by appellant, and a statement of any additional questions the appellee wishes to present with a clear and exact reference to the page(s) of the transcript, written statement, record, or appendix where each additional question was preserved in the trial court.

Appellees contend that their questions are not "additional" questions for this Court's consideration, because appellees are not seeking to reverse any of the circuit court's decisions, nor do they seek affirmative relief. Rather, appellees argue that their questions "are offered to frame portions of [their] argument in support of the Final Judgment Order."

While appellees drafted their brief somewhat unconventionally, their questions presented were not "additional questions" pursuant to Rule 5A:21. Cf. Frederick County Bus. Park, L.L.C. v. Va. Dep't of Envtl. Quality, 52 Va. App. 40, 47 n.3, 660 S.E.2d 698, 701 n.3 (2008) (holding that the Court of Appeals may consider an appellee's additional question that asks whether the

- 4 -

trial court erred below).  Appellees' questions merely restate or provide another perspective of the issue presented by appellant, and merely attempt to buttress appellees' position that the circuit court did not err.  Thus, appellees' questions are intended to clarify appellant's questions, rather than to present additional questions for the Court's consideration.  Accordingly, Rule 5A:21 does not require a citation to the record to show where the issue was preserved.[3] Therefore, appellant's motion to strike the appellees' questions presented is denied.

### B.  Subject Matter Jurisdiction of the Circuit Court

In response to appellant's appeal, appellees argue that the circuit court correctly determined that it did not have subject matter jurisdiction over the appeal of the nonsuit order from the juvenile and domestic relations district court.  We agree.

"The Supreme Court has held that 'subject matter jurisdiction is the authority granted to a court by constitution or by statute to adjudicate a class of cases or controversies.'"  Avery v. Va. Ret. Sys., 33 Va. App. 210, 215, 532 S.E.2d 348, 350 (2000) (quoting Earley v. Landsidle, 257 Va. 365, 371, 514 S.E.2d 153, 156 (1999)).  Pursuant to Code § 16.1-296(A), the circuit court has subject matter jurisdiction over appeals "[f]rom any final order or judgment of the juvenile court affecting the rights or interests of any person coming within its jurisdiction."  All such appeals are heard by the circuit court *de novo*.  Code § 16.1-296(A).

In the instant case, the circuit court ruled that the nonsuit order issued by the juvenile and domestic relations district court was not a "final order affecting the rights or interests of any person" as articulated in Code § 16.1-296(A).  Virginia case law clearly supports this conclusion, as our Supreme Court has held on numerous occasions that generally "a nonsuit order is not a final judgment for appeal purposes."  James v. James, 263 Va. 474, 480, 562 S.E.2d 133, 137

---

[3] Further, it follows that as the appellees prevailed below, they did not have reason to formally object so as to preserve an issue for appeal.

(2002) (citing Swann v. Marks, 252 Va. 181, 184-85, 476 S.E.2d 170, 172 (1996); McManama v. Plunk, 250 Va. 27, 32, 458 S.E.2d 759, 761 (1995); Mallory v. Taylor, 90 Va. 348, 349, 18 S.E. 438, 439 (1893)); see Wells v. Lorcom Hous. Condo. Council, 237 Va. 247, 251, 377 S.E.2d 381, 383 (1989). A nonsuit is not a final judgment because "[t]he effect of the nonsuit in [a] comprehensive sense is to put an end to the pending suit without precluding another for the same cause of action." Mallory, 90 Va. at 349, 18 S.E. at 438.

However, appellant argues that the instant case falls under an exception to this general rule—a nonsuit order is reviewable if "a dispute exists whether the trial court properly granted the motion for nonsuit." James, 263 Va. at 480, 562 S.E.2d at 137 (citing Swann, 252 Va. at 184-85, 476 S.E.2d at 172; McManama, 250 Va. at 32, 458 S.E.2d at 761; Wells, 237 Va. at 251, 377 S.E.2d at 383; Mallory, 90 Va. at 349, 18 S.E. at 439). Appellant argues that because his cross-petitions for the determination of custody and visitation were pending before the juvenile and domestic relations district court, the nonsuit should not have been granted. Appellant cites Code § 8.01-380(D) as the basis for this assertion. Code § 8.01-380(D) bars a nonsuit

> without the consent of the adverse party who has filed a . . . cross claim . . . which arises out of the same transaction or occurrence as the claim of the party desiring to nonsuit unless the . . . cross claim . . . can remain pending for independent adjudication by the court.

Our Supreme Court's decision in Dalloul v. Agbey, 255 Va. 511, 499 S.E.2d 279 (1998), is instructive. In Dalloul, the Court considered Code § 8.01-380(A), which states in pertinent part:

> A party shall not be allowed to suffer a nonsuit as to any cause of action or claim or any other party to the proceeding, unless he does so before a motion to strike the evidence has been sustained or before the jury retires from the bar or before the action has been submitted to the court for decision.

Our Supreme Court held, "[a]s used in Code § 8.01-380(A), the term 'the action' refers to the action then pending before the court, namely, the counts or claims remaining in a case *at the*

- 6 -

*time the nonsuit request is made*." <u>Dalloul</u>, 255 Va. at 514, 499 S.E.2d at 281 (emphasis added).

This supports the general proposition that cross-petitions filed after the motion for nonsuit need not be considered in a court's decision to grant or deny a nonsuit. Thus, any cross-petitions depending on the original action that were filed by appellant *after* Hakes filed the motion for nonsuit are not legitimate grounds for an objection under Code § 8.01-380(D). As appellant concedes he filed the cross-petitions for the determination of custody and visitation two days after Hakes' motion for nonsuit, the nonsuit was properly granted. Accordingly, the nonsuit order in the present case was not a final judgment for appeal, and the circuit court was correct in determining that it did not have subject matter jurisdiction over the case.

### III. CONCLUSION

For these reasons, the order of the trial court, holding that the juvenile and domestic relations district court's nonsuit order was not a final order pursuant to Code § 16.1-296, is affirmed. Because our ruling pertaining to the trial court's determination on the issue of subject matter jurisdiction ultimately defines the disposition of the matter, we need not reach the other questions presented by the appellant.

<u>Affirmed.</u>