**VIRGINIA:**

In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond, on Thursday, the 16th day of April, 2015.


Anheuser-Busch Companies, Inc., et al.,                    Appellants,

 against     Record No. 140748
               Circuit Court No. CL13-3827

Garland Cantrell,                                          Appellee.


Newport News Shipbuilding and Dry Dock Company,
 n/k/a Huntington Ingalls Incorporated,                    Appellant,

 against     Record No. 140749
               Circuit Court No. CL13-3827

Garland Cantrell,                                          Appellee.


Upon appeals from a
judgment rendered by the Circuit
Court of the City of Norfolk.

Upon consideration of the record, briefs, and argument of counsel, the Court is of opinion that there is reversible error in the judgment of the circuit court.

Garland Cantrell worked as a boiler tender from 1987 through 2005. In 2013, he was diagnosed with mesothelioma. He thereafter filed an amended complaint against 17 defendants (the "Premises Defendants") who owned premises where he had worked on boilers, alleging that their negligence and gross negligence proximately caused his illness. Cantrell alleged that one of these Premises Defendants, Newport News Shipbuilding & Dry Dock Co., n/k/a

Huntington Ingalls Inc. ("Huntington"), was also negligent and negligent per se by failing to comply with federal worker safety provisions applicable while his parents were its employees, thereby causing him to be exposed to asbestos fibers they carried home on their clothes and persons.

The various defendants filed demurrers to the amended complaint.* Cantrell filed memoranda opposing the demurrers and the defendants filed replies. After a hearing, the circuit court informed the parties that it would take the demurrers under advisement.

Several weeks later, the court notified the parties that its decision would be forthcoming. The following day, Cantrell filed a complaint in the Circuit Court of the City of Newport News against all but four of the defendants remaining in the suit pending in Norfolk, alleging substantially similar claims. The day after filing his complaint in Newport News, Cantrell moved to nonsuit the amended complaint pending in Norfolk under Code § 8.01-380. The remaining defendants in the Norfolk proceeding opposed the motion, arguing that the claims pending there had been "submitted to the court for decision" within the meaning of Code § 8.01-380(A).

After additional briefing and a hearing, the circuit court entered an order granting Cantrell's motion for nonsuit. Twelve of the Premises Defendants and Huntington appeal.

---

* Two of the Premises Defendants were separately dismissed or nonsuited. These defendants did not file demurrers and are not within the scope of this appeal.

Code § 8.01-380(A) provides in relevant part that "[a] party shall not be allowed to suffer a nonsuit as to any cause of action or claim, or any other party to the proceeding, unless he does so . . . before the action has been submitted to the court for decision."  The Court has previously determined that an action is "submitted to the court for decision" within the meaning of the statute when the case "is in the hands of the trial judge for final disposition, either on a dispositive motion or upon the merits." Bio-Medical Applications of Va., Inc. v. Coston, 272 Va. 489, 493, 634 S.E.2d 349, 351 (2006).

The Court has also previously determined that a demurrer is a dispositive motion.  In Wells v. Lorcom House Condominiums' Council of Co-Owners, 237 Va. 247, 252, 377 S.E.2d 381, 384 (1989), the defendants filed a demurrer, a plea in bar, and a motion to dismiss prior to the plaintiff's motion for nonsuit.  Each of these three pleadings was deemed dispositive for the purpose of precluding a nonsuit under Code § 8.01-380(A).  Id.

Accordingly, the circuit court erred in granting Cantrell's motion for nonsuit after the parties had completed their briefing and argument on the demurrers.  Neither the parties nor the court anticipated any further proceedings on the demurrers, which therefore were committed to the court for its ruling.  Thus, the case was "in the hands of the trial judge for final disposition" at the time of Cantrell's motion.  Bio-Medical Applications, 272 Va. at 493, 634 S.E.2d at 351.

Accordingly, the judgment of the circuit court is reversed and the case is remanded for further proceedings consistent with this order.

Justices Goodwyn and McClanahan took no part in the consideration of this case.

This order shall be certified to the said circuit court and shall be published in the Virginia Reports.

A Copy,

Teste:

Patricia L. Harrington, Clerk