# CITY OF HOPEWELL

## V.

# WILLIAM R. COGAR, ET AL.

Record No. 860930

March 3, 1989

Present: Carrico, C.J., Compton, Stephenson, Thomas, Whiting, and Lacy, JJ., and Harrison, Retired Justice

*Homer C. Eliades (Mark W. Esposito,* on brief), for appellant.
*R. D. McIlwaine, III,* for appellees.

COMPTON, J., delivered the opinion of the Court.

In this appeal in a declaratory judgment proceeding, the main issue is whether the trial court erred in denying plaintiff's motion for nonsuit made within a 15-day period allowed by the court for the parties to submit memoranda on defendants' motion for summary judgment. Specifically, the question is whether, when the nonsuit motion was filed, the action had been "submitted to the court for decision," within the meaning of Code § 8.01-380, the nonsuit statute.

In 1986, appellant City of Hopewell filed a motion for declaratory judgment against William R. Cogar and others, partners then trading as Mays, Valentine, Davenport & Moore, a Richmond law firm. The proceeding arose out of a dispute over the amount of fees for legal services rendered the plaintiff by the defendants during the course of efforts by the plaintiff to annex a portion of Prince George County in 1985. The plaintiff asserted that defendants had submitted a bill for legal services in the amount of

$48,239. According to the motion, many of defendants' services had to be duplicated when the City retained other counsel to succeed defendants in representing the City. Asserting the City should not "have to pay twice" for the same services, the plaintiff asked the court to "determine the rights of the parties hereto and what, if any, amount is justly due to the defendants from the plaintiff." The defendants filed an answer combined with an "Affirmative Defense" in which they asked the court to enter judgment in their favor for the foregoing amount plus $3,095.79 for costs advanced.

Following a period of discovery, defendants filed a motion for summary judgment which was argued orally to the trial court by counsel on March 27, 1986. According to the record on appeal, at the conclusion of the argument, "counsel for each party was given fifteen (15) days to submit simultaneous memoranda in support of their respective positions."

On April 9, 1986, 13 days after the oral argument, the plaintiff filed a motion to nonsuit. Subsequently, the trial court, in the course of a letter opinion granting defendants' motion for summary judgment, ruled that the plaintiff's motion for nonsuit "comes too late." The court stated that defendants' motion for summary judgment "was submitted to the Court for its determination" on March 27, 1986. We awarded plaintiff this appeal from the July 1986 judgment order denying the motion for nonsuit and entering judgment in favor of defendants in the principal amount of $51,334.79.

As pertinent to this appeal, the nonsuit statute provides that a party shall not be allowed to suffer a nonsuit "unless he does so before a motion to strike the evidence has been sustained or before the jury retires from the bar or before the action has been submitted to the court for decision." Code § 8.01-380(A). The parties agree that the crucial question is whether the action had been "submitted to the court for decision" at the completion of oral argument on March 27.

Defendants argue that the trial court properly denied the nonsuit motion. They say that the opinion of the trial judge "clearly reveals" that the court did not "contemplate that anything more had to be done by the parties to submit the case to the court," and that the trial judge found as a fact that the case "was submitted when oral argument was concluded."

Defendants emphasize that, at the conclusion of oral argument, no party "asked leave of court to file a brief," nor did the trial court order or request briefs to be filed. Rather, defendants contend, the court "merely granted both counsel fifteen days to submit supplemental memoranda in support of their respective positions." Defendants, relying on cases from other jurisdictions, argue that the trial court's ruling about brief filing "did not alter the fact that all mandatory steps necessary to present the summary judgment motion to the Court for decision had been completed before the City's motion to nonsuit was filed." We disagree.

■ Under the circumstances of this case, we hold that the action had not been "submitted to the court for decision," within the meaning of the statute, until the 15-day period allowed by the court for brief filing had expired. Because the trial judge had "given" counsel for each party 15 days "to submit simultaneous memoranda in support of their respective positions," something remained to be done before the action properly could have been decided by the court. Indeed, unless both parties had filed memoranda within the alloted time, it would have been unfair for the court to have decided the matter within the 15-day period. The legal effect of the 15-day grace period was to postpone "submission" of the matter for the full 15 days. In spite of the trial court's finding to the contrary, further action and further consideration was indicated as a matter of law by the extension of time permitted by the court. Had the plaintiff waited until after the 15-day period had expired, then the plaintiff would have been precluded from taking a nonsuit because, under those circumstances, the action would have been "submitted" under the statute. Such was not the case, however, and the plaintiff had an absolute right to take a nonsuit. *See Khanna* v. *Dominion Bank*, 237 Va. 242, 377 S.E.2d 378 (1989) (nonsuit motion properly denied when filed after court had announced decision); and *Wells* v. *Lorcom House Condominiums'*, 237 Va. 247, 377 S.E.2d 385 (1989) (nonsuit improperly granted when case dispositive issues fully argued and no further action contemplated or necessary for court to decide issues), decided today.

■ *Moore* v. *Moore*, 218 Va. 790, 240 S.E.2d 535 (1978), is relied on by defendants. In a divorce suit, we said that under the procedural circumstances of that case it was necessary for both parties to have "yielded" the issues to the court for consideration and decision before there could be a "submission" within the

meaning of the nonsuit statute. We stated that this could have been accomplished "either as the result of oral or written argument, formal notice and motion, or by tendering a jointly endorsed sketch for a decree." *Id.* at 795-96, 240 S.E.2d at 538.

Defendants argue that two of the *Moore* tests were satisfied because formal notice and motion that summary judgment would be sought had been filed, evidence had been taken, and oral argument had been completed. Thus, defendants say, both parties "necessarily yielded the issues to the court." We do not agree.

■ *Moore* was decided within a specific procedural context. In *Moore,* we made no attempt to delineate every possible situation when an action would or would not be "submitted" to the court for decision under the nonsuit statute. The important factor present in this case, not involved in *Moore,* is that the trial court expressly permitted brief filing within a specified period of time. Thus, *Moore* is not controlling.

■ In an alternative argument, defendants contend that the trial court properly refused to grant plaintiff's nonsuit motion because they had filed a counterclaim against the plaintiff which could not remain pending for independent adjudication by the court. In pertinent part, the nonsuit statute also provides,

"A party shall not be allowed to nonsuit a cause of action, without the consent of the adverse party who has filed a counterclaim . . . which arises out of the same transaction or occurrence as the claim of the party desiring to nonsuit unless the counterclaim . . . can remain pending for independent adjudication by the court." Code § 8.01-380(C).

Defendants point out that their "Affirmative Defense," which they say was deemed admitted by the plaintiff according to the applicable Rules of Court, sought judgment in an amount larger than that stated in the plaintiff's motion for declaratory judgment. Thus, they contend, the affirmative defense constituted a counterclaim and it could not have been properly severed for independent adjudication by the court. Accordingly, defendants argue that the plaintiff was prevented from being allowed to nonsuit its cause of action. We reject this contention.

■ In Virginia practice, there is a distinct difference between an affirmative defense and a counterclaim. Rule 3:16(f) provides, "Grounds of defense, counterclaims, cross-claims, pleas, demur-

rers, affirmative defenses and motions may all be included in the same paper if they are separately identified." Rule 3:12 provides, in part, that when an affirmative defense "sets up new matter and contains words expressly requesting a reply, the adverse party shall within twenty-one days file a reply admitting or denying such new matter."

■ In this motion for a declaratory judgment filed on the law side of the court, the defendants, in the same paper, filed an "Answer" and an "Affirmative Defense." In the portion of the paper identified as an affirmative defense, defendants set up new matter and expressly requested a reply. The new matter was an assertion that in addition to the sum for legal services stated in the motion for declaratory judgment, the defendants were entitled to an additional sum for costs advanced.

This pleading properly was labelled an affirmative defense, was treated by defendants as an affirmative defense because a reply was expressly requested, and was not identified as a counterclaim. Under these circumstances, defendants will not be heard to say that what they identified as an affirmative defense actually was a counterclaim.

■ For these reasons, we hold that the trial court erred in refusing to grant plaintiff's motion for nonsuit. Consequently, the order denying the nonsuit and granting summary judgment in favor of defendants will be reversed and annulled. The plaintiff's motion for nonsuit will be granted, and the motion for declaratory judgment will be dismissed without prejudice.

*Reversed and dismissed.*