## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

David Johnson

v.

Jefferson National Bank et al.

Case No. (Law) 4477

Barbara Turner, Adm'x, etc.

v.

Jefferson National Bank et al.

Case No. (Law) 44778-L

September 23, 1991

By JUDGE PAUL M. PEATROSS, JR.

These matters come before the Court on the Pleas in Bar of Jefferson National Bank filed in each case claiming that the Court did not have subject matter jurisdiction over the claims of both plaintiffs and asserting that the Workers' Compensation Act of Virginia provided the exclusive remedy as to Jefferson National Bank. The pleas were set down for hearing on July 24, 1991, at which time evidence was taken and oral argument made by counsel for plaintiffs and counsel for Jefferson National Bank. At the conclusion of that hearing, counsel for plaintiffs requested leave to respond in writing to the evidence and arguments presented by counsel for Jefferson National Bank, and the Court granted plaintiffs twenty-one days to file a memorandum. Counsel for Jefferson National Bank requested an opportunity to reply to the brief and was

granted a ten-day period within which to reply to any brief filed by plaintiffs. At the end of the twenty-first day, or August 14, 1991, no legal memorandum had been filed by the plaintiffs. On August 15, 1991, plaintiffs' counsel mailed motions for nonsuit in each case, which were received and marked filed by the Clerk of Court on August 16, 1991. Jefferson National Bank, by counsel, filed an objection to plaintiffs' motions for nonsuit in each case, and each side has submitted a legal memorandum in support of their respective positions. In addition, on September 18, 1991, plaintiffs filed a Motion for Extension of Time to File Post-Hearing Memorandum or Pleadings, which the Court received and marked "Filed." However, no argument was permitted on September 18, 1991, because such a motion had not been noticed for hearing on that date.

The question presented in this case is whether plaintiffs' motions for nonsuit were made before the action had been submitted to the Court for decision. Section 8.01-380 of the Code of Virginia of 1950, as amended, states as follows: "A party shall not be allowed to suffer a nonsuit as to any cause of action or claim, or any other party to the proceeding, unless he does so before a motion to strike the evidence has been sustained or before the jury retires from the bar *or before the action has been submitted to the Court for decision.*" (Emphasis added.)

There are two cases applicable to this factual situation: *City of Hopewell v. Cogar,* 237 Va. 264 (1989), and *Wells v. Lorcom House Condo. Council,* 237 Va. 247 (1989). In the *City of Hopewell* case, defendants filed a motion for summary judgment, which was argued orally to the trial court by counsel on March 27, 1986. Counsel for both parties were given fifteen days to submit simultaneous memoranda in support of their respective positions. Thirteen days after oral argument, the plaintiff filed a motion to nonsuit. The trial court granted the motion for summary judgment and ruled that the motion for nonsuit came too late. The Supreme Court rules as follows:

> The legal effect of the fifteen-day grace period was to postpone "single submission" of the matter for the fifteen days. In spite of the trial court's finding to the contrary, further action

and further consideration was indicated as a matter of law by the extension of time permitted by the court. Had the plaintiff waited until after the fifteen-day period had expired, then the plaintiff would have been precluded from taking a nonsuit because, under those circumstances, the action would have been "submitted" under the statute. *Id.* at 267.

Among the many issues in the *Wells* case was the question of whether a motion for nonsuit had been made after the action had been submitted to the Court for decision. The Court, in deciding that the action had been submitted, noted that there were a number of matters upon which the parties had joined issue and argued to the trial court, including defendant's Demurrer, Plea in Bar, and Motion to Dismiss. The Court then noted the following: "Any one of those pleadings were case dispositive if the court ruled in favor of the defendants. Moreover, the record is clear that no one, neither the trial judge nor the attorneys, contemplated that any further action, such as briefing, was necessary in order to enable the court to decide the issues." *Wells, supra,* 237 Va. at 252.

It is clear from the pronouncement by the Court at the hearing of July 24, 1991, that the only thing left before the matter was "submitted to the court for decision" was the filing of a memorandum by plaintiffs' counsel within twenty-one days of July 24, 1991, or by August 14, 1991, and the filing of a reply brief within ten days by counsel for Jefferson National Bank. This court finds that as of the end of the business day on August 14, 1991, the Plea in Bar in each case had been "submitted to the court for decision" because no brief had been filed by plaintiffs, and Jefferson National Bank had nothing to which to reply. Its legal authority had already been filed with the Court on July 24, 1991. Therefore, under the reasoning set forth in the previous two cases, plaintiffs were precluded from filing the motions for a nonsuit in each case.

Plaintiffs assert in their Memorandum of Law that the filing of the transcript of the July 24, 1991, hearing was necessary before the matter was submitted to the court

for decision. Clearly, at the July 24, 1991, hearing it was not indicated that such a transcript was necessary or anticipated by the Court in order to render a decision. Therefore, that assertion fails.

Under the evidence presented at the hearing on July 24, 1991, in support of the Pleas in Bar, and for the reasons stated to the Court in oral argument and by memorandum of legal authority, the Court finds the Plea in Bar in each case to be sustainable, and the Court sustains the Plea in Bar in each case.

The Motion for Extension of Time to File Post-Hearing Memorandums or Pleadings filed with the Court on September 18, 1991, in each is denied.