Present:   All the Justices

ROGER LEE KELLY

                         OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 972272              September 18, 1998

DELORES CARRICO

                 FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                          Thomas D. Horne, Judge

     As relevant to this appeal, Code § 8.01-380(A) provides that a

party shall not be allowed to take a voluntary nonsuit "unless he

does so before a motion to strike the evidence has been sustained

or before the jury retires from the bar or before the action has

been submitted to the court for decision."  In this case, we

consider whether the trial court's order granting a motion for

nonsuit on the basis that the action had not been submitted to the

court for decision is erroneous.

     Delores Carrico filed a motion for judgment against Roger Lee

Kelly.  Carrico, who had nonsuited a prior action against Kelly,

alleged in her motion that she was injured as a result of Kelly's

negligent operation of an automobile.  Kelly filed a grounds of

defense and asserted, among other things, that Carrico was guilty

of contributory negligence.  Pursuant to Rule 3:12, Kelly requested

that Carrico reply to any "new matter" contained in his grounds of

defense, including his allegations that Carrico was guilty of

contributory negligence.[1]  Carrico failed to file a reply as requested.

On the morning of trial, after the jury had been impaneled, Kelly made a motion requesting that the trial court enter a judgment in his favor on the pleadings.[2]  Kelly asserted that he was entitled to judgment on the pleadings because he had pled "new matter" in his grounds of defense, which, if true, would show that Carrico was guilty of contributory negligence and, thus, she would be barred as a matter of law from any recovery against Kelly. Relying upon Rule 1:4(e), Kelly argued that he had pled allegations of fact to support his affirmative defense of contributory negligence, and that those allegations are deemed to have been admitted because Carrico had failed to deny them.[3]

The court and counsel discussed the merits of Kelly's "motion for judgment on the pleadings."  During the discussion, the trial judge stated that he intended to read a certain case before deciding Kelly's motion.  The following colloquy ensued:

---

[1] Rule 3:12 states in relevant part:  "If a plea, motion or affirmative defense sets up new matter and contains words expressly requesting a reply, the adverse party shall within twenty-one days file a reply admitting or denying such new matter."

[2] This Court's Rules do not recognize "judgment on the pleadings."  However, Carrico did not object to Kelly's use of this procedural device.

[3] Rule 1:4(e) states in relevant part:  "An allegation of fact in a pleading that is not denied by the adverse party's pleading, when the adverse party is required by these Rules to file such pleading, is deemed to be admitted.  An allegation in a pleading

"[CARRICO'S COUNSEL]:  Your Honor, I mean, this is a horrible injustice for this young lady.  I would ask the Court to give me a second nonsuit then.  I mean, I do not see why —

"THE COURT:  That is a different issue.

. . . .

"THE COURT:  We have not gotten to that point.  My inclination is — What is your position as far as a second nonsuit?  I assume that is objected to.

"[KELLY'S COUNSEL]:  Well, we would, of course, object.  But I understand that this is coming up this morning —

"THE COURT:  I will tell you that — I will take a look at the case.  I will give you a second nonsuit in the case — and I will tell you that on the front end — before I would throw this case out.  I agree with you.

"But the rules are the rules.  And, quite frankly, if we do not have any reply, the issues are not necessarily joined in the case.

"Let me take a look at the case. . . .  If you would just give me one moment to read this case and just confirm what I believe to be the case."

The court then took a recess.  At the conclusion of the recess, Carrico's counsel asked for permission to amend her pleadings.  The trial court did not rule on Carrico's request to amend.  The court did, however, sustain Carrico's motion for a second nonsuit.  Kelly appeals.

Kelly, relying principally upon Wells v. Lorcom House Condominiums' Council of Co-Owners, 237 Va. 247, 377 S.E.2d 381 (1989), argues that the trial court erred by sustaining Carrico's motion for a nonsuit because the action had been submitted to the court for decision.  We disagree with Kelly.

---

that the party does not know whether a fact exists shall be treated as a denial that the fact exists."

3

In _Wells_, the plaintiffs filed an amended motion for judgment against certain defendants, alleging that they were responsible for property damage to a building.  The defendants denied the material allegations of the amended motion for judgment and also filed a plea in bar, demurrer, and "motion to dismiss."  On June 20, 1985, the litigants appeared before the trial court and argued the motions raised by the various pleadings.  On November 7, 1985, counsel for plaintiffs submitted a letter to the trial court, stating that the court had taken the various motions and demurrer "under advisement" and requesting that the court inform him when its "ruling may be expected."  On March 19, 1986, plaintiffs filed a notice and draft order for a voluntary nonsuit, according to the provisions of Code § 8.01-380.  The trial court granted the nonsuit over the defendants' objection and dismissed the action without prejudice.  _Id._ at 250, 377 S.E.2d at 382-83.

We held that under the facts and circumstances in _Wells_, the plaintiffs' request for a nonsuit was not timely because the nonsuit motion was made after the action had been submitted to the court for a decision within the meaning of the nonsuit statute.  We stated:

> "Among the matters upon which the parties had joined
> issue and which were argued to the trial court on June
> 20, 1985 were:  defendants' demurrer attacking the legal
> sufficiency of the amended motion for judgment;
> defendants' plea in bar based on various statutes of
> limitations; and defendants' motion to dismiss.  Any one
> of those pleadings were case dispositive if the court

4

ruled in favor of the defendants.  Moreover, the record is clear that no one, neither the trial judge nor the attorneys, contemplated that any further action, such as briefing, was necessary in order to enable the court to decide the issues.  Indeed, counsel for the plaintiffs recognized this fact because he wrote the trial judge in November inquiring 'when your ruling may be expected.'
        "Consequently, we hold under these circumstances that the action had been 'submitted to the court for decision,' the request for nonsuit came too late, and the trial court erred in granting the request."  Id. at 252, 377 S.E.2d at 384.

The facts in this record are distinguishable from the facts of record in Wells.  Carrico made her nonsuit motion before the trial court recessed to consider the merits of Kelly's dispositive motion.  We have stated, when construing the nonsuit statute, that for a submission to occur, it is "necessary for the parties, by counsel, to have both yielded the issues to the court for consideration and decision."  Moore v. Moore, 218 Va. 790, 795, 240 S.E.2d 535, 538 (1978).  Here, there was no submission because the nonsuit motion was made before the court recessed to consider the merits of Kelly's motion and, thus, Carrico did not yield the dispositive issues to the court for consideration and decision. See City of Hopewell v. Cogar, 237 Va. 264, 268, 377 S.E.2d 385, 387-88 (1989) (nonsuit erroneously denied when motion was made within period allowed by court for litigants to file memoranda of law); Khanna v. Dominion Bank, 237 Va. 242, 245, 377 S.E.2d 378, 380 (1989) (nonsuit motion properly denied when filed after court had announced decision).

5

Even though the trial court's final order states that after the trial judge returned to the bench from his recess, he "indicated that he was ready to rule on the motion, and the [p]laintiff requested leave to suffer a second nonsuit of this cause of action, to which the [d]efendant objected," the order also states that before the trial court recessed, "the [c]ourt indicated its willingness to grant a second nonsuit, and counsel for [Carrico] stated that he would ask for a second nonsuit as stated." Our review of this order indicates that the trial court was correct in ruling that Carrico's request for a second nonsuit was made before the court recessed to consider the merits of Kelly's motion.

We do not consider Kelly's assignment of error that "[t]he trial court erred in permitting Carrico to suffer a second nonsuit because the second nonsuit was prejudicial to Kelly's rights." As Carrico observes on brief, Kelly did not raise this objection in the trial court. Rule 5:25. Likewise, we do not consider Kelly's contention that Carrico's failure to file a pleading required by the Rules does not constitute good cause for granting a second nonsuit because this argument was not raised in the trial court. Rule 5:25.

Accordingly, the judgment of the trial court will be affirmed.

<u>Affirmed</u>.