## CIRCUIT COURT OF FAIRFAX COUNTY

Roland Gilbert Lucas, Jr.

v.

Jack Lee,
Warden of
Keen Mountain
Correctional Center

June 28, 2000

Case No. (Law) 185814

BY JUDGE STANLEY P. KLEIN

Petitioner, Roland Gilbert Lucas, Jr., moves to nonsuit this habeas corpus action. Respondent Jack Lee, Warden, Keen Mountain Correctional Center ("the Commonwealth") asserts that the motion is untimely and must be denied. For the reasons that follow, the Motion to Nonsuit is granted.

### I. *Background*

Lucas filed the instant Petition for Writ of Habeas Corpus on January 27, 2000, alleging, *inter alia*, ineffective assistance of trial counsel. By order entered that day, the Office of the Attorney General was ordered to file its pleading in response to the petition within 45 days. On March 8, the Attorney General filed a motion to extend the time for the responsive pleading to be filed, and by order entered March 14, the Court extended the deadline date for the filing of the responsive pleading to April 12. The Attorney General then requested a second extension on April 12, and the Court granted a final extension to May 5.

On April 21, 2000, the Attorney General filed a Motion to Dismiss on behalf of the Commonwealth. The Court advised Lucas by letter dated May 8, 2000, that he was to file a response to that motion within 30 days. He

responded by filing the pending Motion for Voluntary Nonsuit on May 10. The Attorney General filed a Response to Motion for Nonsuit on May 23 asserting that this case had been "submitted to the court for decision" by the filing of the Motion to Dismiss and the request for nonsuit was therefore untimely. *See* Virginia Code § 8.01-380.

## II. *Analysis*

Virginia Code § 8.01-380(A) reads in pertinent part as follows: "A party shall not be allowed to suffer a nonsuit as to any cause of action or claim . . . unless he does so before . . . the action has been submitted to the court for decision." The Commonwealth contends that once it filed its Motion to Dismiss, the action had been "submitted to the court for decision." It relies on the decisions in *Armstrong v. Frostie Co.*, 453 F.2d 914 (4th Cir. 1971), and *Wells v. Lorcom House Condominium Council*, 237 Va. 247 (1989). Its reliance on each of these decisions is misplaced. First, the Fourth Circuit's decision in *Armstrong v. Frostie Co.* was based on Rule 41(a)(1) of the Federal Rules of Civil Procedure, which differs substantially from Virginia Code § 8.01-380. As such, it is clearly inapposite to the issue presented here.

Second, our Supreme Court's decision in *Wells v. Lorcom House Condominium Council* can be factually distinguished from this habeas corpus action. In *Wells*, the defendants filed a number of defensive pleadings which were all potentially dispositive of the case and which were all fully argued by *both* of the parties. In fact, the Supreme Court's decision noted that:

the record is clear that no one, neither the trial judge nor the attorneys, contemplated that any further action, *such as briefing*, was necessary in order to enable the court to decide the issues. Indeed, counsel for the plaintiffs recognized this fact because he wrote the trial judge in November inquiring "when your ruling may be expected."

*Wells*, 256 Va. at 286 (emphasis supplied). Under those specific circumstances, the Supreme Court held that the case had been "submitted to the court for decision" and the subsequent motion for nonsuit was untimely.

Contrary to the factual situation in *Wells*, the record herein establishes that this trial judge contemplated further action before ruling on the Motion to Dismiss. Specifically, on May 8, 2000, in response to the Commonwealth's Motion to Dismiss, the Court wrote to the parties and advised Lucas that he was to file a response to the motion within 30 days. The Court would never have ruled on the motion before the expiration of those 30 days unless it

received a substantive opposition to the motion from Lucas. Instead, Lucas filed his Motion to Nonsuit two days after the Court's correspondence. The Court rejects the Commonwealth's argument that the decision in *Wells* is binding on this Court.

In fact, this Court is bound by other decisions of the Supreme Court, which are factually indistinguishable from this action. In *Moore v. Moore*, 218 Va. 790 (1978), a wife moved the trial court for a voluntary dismissal of a divorce action months after she had presented her evidence to a Commissioner in Chancery and months after the Commissioner had filed his report. The husband argued that the request for nonsuit was untimely because the case had been submitted to the court for decision when the Commissioner filed his report to the trial court. The Supreme Court affirmed the trial court's decision to grant the nonsuit and reasoned as follows:

> For a "submission" to have occurred under the procedural circumstances of this suit, in which both litigants were represented by counsel who had filed pleadings in the cause, it was necessary for the parties, by counsel, to have *both* yielded the issues to the court for consideration and decision. This could have been accomplished either as the result of oral or written argument, formal notice and motion, or by tendering a jointly-endorsed sketch for a decree (or in the case of disagreement over the form, two separate drafts upon notice and motion). None of these steps had taken place at the time the wife's motion to dismiss was filed, and consequently, under the statute the cause had not been "submitted" and the plaintiff had an absolute right to a voluntary dismissal.

*Id.* at 795-96 (emphasis in original).

In *City of Hopewell v. Cogar*, 237 Va. 264 (1989), the Supreme Court addressed its prior decisions in *Moore* and *Wells* and reiterated the distinction between cases which had been submitted for decision and those where further action was contemplated. In *Cogar*, a dispositive motion for summary judgment had been filed and argued. Although neither party had requested leave to file a brief and the court had not ordered either party to file a brief, the trial court granted both sides 15 days in which they could file supplemental memoranda in support of their positions. Within the 15-day period, a Motion to Nonsuit was filed. The trial court denied the nonsuit motion, ruling that it had come too late. On appeal, the prevailing party in the circuit court argued that all *mandatory* steps necessary to present the summary judgment motion to the trial court had been undertaken before the nonsuit motion was filed and,

therefore, the motion was untimely. The Supreme Court disagreed and reversed. Relying, in part, on its decision in *Moore*, the Court held that because the trial judge had given the parties 15 days to submit supplemental memoranda, "something remained to be done before the action properly could have been decided by the court. Indeed, unless both parties had filed memoranda within the allotted time, it would have been unfair for the court to have decided the matter within the 15-day period." *City of Hopewell v. Cogar*, 237 Va. at 267.

Finally, in the recent case of *Kelly v. Carrico*, 256 Va. 282 (1998), the Supreme Court was again faced with an issue surrounding the timeliness of a motion to nonsuit. On the morning of trial, the defendant in *Kelly* requested that the trial court enter a judgment in his favor because the plaintiff had not responded to the affirmative defense of contributory negligence, a response that was requested in the grounds of defense and, thus, required by Rule 3:12. After argument — but before recessing to consider the merits of the defendant's argument — the trial court was presented with a motion for a nonsuit. After the recess, the plaintiff moved to amend her pleadings. The court declined to rule on that motion but granted the nonsuit.

On appeal, based upon the decision in *Wells*, the defendant argued that the nonsuit motion was untimely. Again, the Supreme Court disagreed. Based upon its decisions in *Moore* and *Cogar*, the Court held that "there was no submission because the nonsuit motion was made before the court recessed to consider the merits of Kelly's motion, and, thus, Carrico did not *yield* the dispositive issues to the court for consideration and decision." *Kelly v. Carrico*, 256 Va. at 286 (emphasis supplied).

### III. *Conclusion*

Here, as Lucas had not yet "yielded" on the Commonwealth's Motion to Dismiss and further action was contemplated by this Court before ruling on the motion, the Supreme Court's decisions in *Moore*, *Cogar*, and *Kelly* are dispositive. Accordingly, Lucas' Motion for Voluntary Nonsuit is granted.