COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Benton and Humphreys


CLARENCE W. THOMPSON
                                        MEMORANDUM OPINION*
v.    Record No. 2557-02-2                  PER CURIAM
                                         FEBRUARY 25, 2003
CALVINNA DICKERSON


              FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                        Cleo E. Powell, Judge

             (Reginald M. Barley, on brief), for
             appellant.

             (John K. Dixon, III, on brief), for appellee.


     Clarence W. Thompson contends the trial judge erred in

permitting his wife, Calvinna Dickerson, to take a nonsuit of her

divorce suit.  Thompson also contends the trial judge erred in

failing to grant his motion to dismiss the suit.  Upon reviewing

the record and the parties' briefs, we conclude that this appeal

is without merit.  Accordingly, we summarily affirm the trial

judge's decision.  Rule 5A:27.

     On July 27, 2001, Dickerson filed a bill of complaint against

Thompson for a divorce.  The trial judge scheduled a two hour

hearing on June 28, 2002, to address issues involving equitable

distribution, Thompson's motion to quash a deposition, the grounds

for divorce, and spousal support.  The trial judge accepted into

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

evidence the transcripts of certain depositions and reserved for her later ruling whether to admit into evidence the deposition of Fatimah Moore. The trial judge indicated that she had not yet reviewed the deposition transcripts and she stated, "We had reserved the two hours to wrap up all issues not contained in the deposition[s]. We can cover evidence not contained in the deposition[s], can take all of the evidence and then I can rule with regard to all issues."

Thompson moved to quash the deposition of Moore because it was taken outside of the time frame established by the scheduling order. After considering the arguments, the trial judge granted Thompson's motion to quash the deposition. Thompson then moved to dismiss the case, arguing that the testimony in the depositions that were accepted into evidence did not prove grounds for the divorce. The trial judge asked Dickerson's counsel, "What's your position [on the motion]?" Dickerson indicated that Moore was her "corroborating witness" and requested a five minutes recess. After the short recess, Dickerson requested a nonsuit.

Thompson objected to the granting of the nonsuit, arguing that the motion was untimely because the matter had already been submitted to the court for adjudication. The trial judge overruled the objection and granted the nonsuit. The trial judge's order provides as follows:

> Based on the fact that the hearing had been
> set for two hours to hear argument and
> argument had not yet taken place on either

-

> the grounds for divorce, equitable
> distribution or spousal support the [c]ourt
> concludes that the matter had not been fully
> submitted and, therefore, a Motion for
> Nonsuit was timely and is hereby Granted.

Thompson appeals from this order.

In pertinent part, Code § 8.01-380(A) provides as follows:

> A party shall not be allowed to suffer a
> nonsuit as to any cause of action or claim,
> or any other party to the proceeding, unless
> he does so before a motion to strike the
> evidence has been sustained or before the
> jury retires from the bar or before the
> action has been submitted to the court for
> decision.

In construing the nonsuit statute, the Supreme Court of Virginia has held that "for an action to be 'submitted to the court,' it is 'necessary for the parties, by counsel, to have both yielded the issues to the court for consideration and decision.'" Transcontinental Ins. Co. v. RBMW, Inc., 262 Va. 502, 514, 551 S.E.2d 313, 319 (2001) (quoting Moore v. Moore, 218 Va. 790, 795, 240 S.E.2d 535, 538 (1978)).

Dickerson's nonsuit motion was made before the trial judge considered the merits of Thompson's motion to dismiss. Thus, Dickerson "did not yield the dispositive issues to the court for consideration and decision." Kelly v. Carrico, 256 Va. 282, 286, 504 S.E.2d 368, 370 (1998) (holding no submission had occurred where the motion for nonsuit was made after oral argument but before the judge recessed to consider the merits of a motion for judgment on the pleadings). Furthermore, as the

-

order indicates, prior to the nonsuit request, the parties had not presented arguments on other pending issues, such as the grounds for the divorce, equitable distribution, or spousal support.  Therefore, we hold that the trial judge did not err in concluding that the matter had not yet been "submitted to the court for decision" and in granting the nonsuit.

Because the trial judge properly granted the nonsuit and because the trial judge made no ruling regarding Thompson's motion to dismiss, we need not address Thompson's second issue concerning the merits of his motion to dismiss the suit.

Accordingly, we affirm the trial judge's decision.

<u>Affirmed.</u>

-