# CIRCUIT COURT OF FAIRFAX COUNTY

Fairfax County
Board of Supervisors et al.

v.

Zoning Appeals Board
of Fairfax County et al.

June 23, 2006

Case No. (Law) 2004-221391

BY JUDGE STANLEY P. KLEIN

This matter is before the court upon the Motion for Nonsuit of Petitioners Board of Supervisors of Fairfax County and John Wesley White, Director, Fairfax County Department of Public Works and Environmental Services (collectively, the County). The County seeks a nonsuit of its Petition for Writ of Certiorari requesting review by this court of a determination by Defendant Board of Zoning Appeals of Fairfax County (FBZA) that Defendant property owners Young K. Lee and Young A. Lee (the Lees) were entitled to three buildable lots on their property in Fairfax County, Virginia. Defendants oppose the Motion for Nonsuit and argue: (1) that a nonsuit is not available to the County in this type of statutory proceeding; (2) that a nonsuit is inappropriate as it would frustrate the statutory limitations period enacted by the General Assembly for the filing of an appeal from a BZA determination; and (3) that the plain language of Virginia Code § 8.01-380 bars this Motion for Nonsuit, as this matter had already been submitted to the court for a decision before the motion was made. For the reasons set out below, the County's Motion for Nonsuit is granted.

## I. *Background*

In June 2003, the Lees sought a determination by the Fairfax County Zoning Administrator, William Shoup, that property owned by the Lees consisted of three buildable lots. Shoup forwarded the Lees' letter to the Fairfax County Department of Public Works (FDPW) for a response. By letter dated July 25, 2003, Tom S. Nelson, Religious and Community Group Ombudsman of the FDPW, determined that the Lees' property consisted of only one buildable lot.

The Lees appealed Nelson's determination to the FBZA. At its meeting of January 20, 2004, the FBZA voted to overturn Nelson's determination. On February 11, 2004, the FBZA issued its final written decision, ruling that the Lees' property consisted of three buildable lots and that the final decision date was February 11, 2004.

On March 12, 2004, within thirty days of the FBZA's written decision, the County filed a Petition for Writ of Certiorari in this court seeking a review of the FBZA ruling. In its petition, the County asserts that the FBZA exceeded its jurisdiction when it heard and granted the appeal and that the determination of the FBZA was also incorrect as a matter of law. By letter of August 29, 2003, from Margaret Stehman, Deputy Zoning Administrator for Appeals to the FBZA, Ms. Stehman had informed the FBZA that it was her determination that resolution of this matter involved an interpretation of the Fairfax County Subdivision Ordinance, rather than the Fairfax County Zoning Ordinance, and, as a result, this matter was not a proper subject for an appeal to a BZA. In response to the County's petition, Defendants filed Demurrers asserting that the County had failed to set forth a sufficient basis in its petition that it was an "aggrieved person" entitled to appeal a BZA determination pursuant to Virginia Code § 15.2-2314. Defendants also filed Pleas in Bar, alleging that the County's Petition is time-barred because, contrary to the FBZA's own explicit statements in its February 11, 2004, letter that the date of its final decision was February 11, 2004, the actual date of the final decision, when the thirty day statutory appeal period had, in fact, commenced running, was January 20, 2004, the date of the oral decision rendered at the FBZA hearing. After oral argument, the court advised the parties that it intended to overrule the demurrers and pleas in bar but would, at some point, submit a written opinion addressing the issues in the case.

A full hearing on the petition was held on May 3, 2005. However, at the behest of the parties, the court postponed its ruling pending the decision of the Supreme Court of Virginia in *West Lewinsville Hgts. Ass'n v. Board of Sup.*, 270 Va. 259, 618 S.E.2d 311 (2005). The Supreme Court of Virginia held in

*Board of Sup. Fairfax v. Board of Zoning Appeals*, 268 Va. 441, 604 S.E.2d 7 (2004), that a Board of Supervisors is an "aggrieved person" within the meaning of Virginia Code § 15.2-2314, thereby deciding the issue raised in the demurrers. After the Supreme Court issued its opinion in *West Lewinsville*, embracing the same argument advanced by the FBZA in support of its Plea in Bar, the County brought this nonsuit motion, to which Defendants objected.[1] No prior nonsuit has been granted in this matter.

## I. *Analysis*

Virginia Code § 8.01-380, governing nonsuits, states in relevant part as follows:

> A party shall not be allowed to suffer a nonsuit as to any cause of action or claim, or any other party to the proceeding, unless he does so before a motion to strike the evidence has been sustained or before the jury retires from the bar or before the action has been submitted to the court for decision. . . .
>
> Only one nonsuit may be taken to a cause of action or against the same party to the proceeding, as a matter of right, although the court may allow additional nonsuits or counsel may stipulate to additional nonsuits.

Va. Code § 8.01-380(A), (B). The Supreme Court of Virginia has repeatedly held that trial courts may not place limitations upon the right of a plaintiff to a nonsuit other than those limitations specifically articulated in Virginia Code § 8.01-380. Indeed, the Supreme Court has opined that:

> a plaintiff has an absolute right to one nonsuit. The election is his and if he insists upon taking the nonsuit within the limitations imposed by the statute, neither the trial court nor opposing counsel can prevent him from doing so.

---

[1] In addition to the issues before the court upon the Writ of Certiorari, this court requested briefs from the parties addressing the standing of the FBZA to defend its determination regarding the Lees' property. However, as the County has not contested the FBZA's standing in this particular litigation, the court will not reach out to address the standing issue here.

*Nash v. Jewell*, 227 Va. 230, 237, 315 S.E.2d 825, 829 (1984); see also *Berry v. F & S Financial Marketing*, 271 Va. 329, 333, 626 S.E.2d 821, 823 (2006) (finding trial court properly granted nonsuit as pending Rule 3:3 dismissal Motion did not constitute "statutory impediment" to exercise of voluntary nonsuit); *Waterman v. Halverson*, 261 Va. 203, 540 S.E.2d 867 (2001) (reversing trial court's finding that a plaintiff cannot secure a valid voluntary nonsuit if there has been no service of process on defendants); *Bremer v. Doctor's Bldg. P'ship*, 251 Va. 74, 81, 465 S.E.2d 787, 791 (1996) (holding that "a plaintiff is entitled to one nonsuit as a matter of right if the provisions of Code § 8.01-380 are met without further analysis of prejudice to the defendant"); *McManama v. Plunk*, 250 Va. 27, 458 S.E.2d 759 (1995) (holding that trial court erroneously limited plaintiff's right to nonsuit by creating requirements not found in applicable statutes); *City of Norfolk v. County of Norfolk*, 194 Va. 716, 724, 75 S.E.2d 66, 70 (1953) ("To enter a nonsuit has been recognized as a matter of right under the law and practice in Virginia from a very early date down to the present time. The statute...recognizes this right, and only fixes the stage at which a plaintiff is precluded from taking a nonsuit.").

Notwithstanding the Supreme Court's repeated rulings on this issue, Defendants offer several arguments why the County is not entitled to a nonsuit of right in this case. First, Defendants argue that a claim set out in a petition for writ of certiorari to review a decision of a BZA does not constitute a "cause of action" under Virginia Code § 8.01-380. To the contrary, Defendants assert that review of a BZA determination in a circuit court is an "appellate" proceeding and, therefore, although the County may withdraw its petition, it is not entitled to a nonsuit. Second, the FBZA asserts that a nonsuit is inappropriate, as it would frustrate the statutory limitations period established by the General Assembly for review of a decision of a BZA. Finally, Defendants contend that this matter had been submitted to the court for decision before the County filed its nonsuit motion and, as a result, a nonsuit is barred by the plain language of Virginia Code § 8.01-380. The court will address each of these arguments.

(A) *Whether a Nonsuit May Be Granted To a Petition for Writ of Certiorari from a Determination of a BZA*

The language of Virginia Code § 8.01-380 does not explicitly address the propriety of suffering a nonsuit to a petition for writ of certiorari to a decision of a BZA. Instead, the nonsuit statute limits a plaintiff to one nonsuit of right "*as to any cause of action or claim*, or any other party to the

proceeding." Va. Code § 8.01-380(A) (emphasis added). Defendants argue that the County's claim herein is not a cause of action and therefore cannot be nonsuited. In support of this contention, they rely principally upon the Supreme Court of Virginia's decision in *Trout v. Commonwealth Transp. Comm'r*, 241 Va. 69, 73, 400 S.E.2d 172, 173 (1991). The court finds Defendants' reliance on *Trout* misplaced.

In *Trout*, the Court considered whether the Commonwealth Transportation Commissioner's (the Commissioner) claim constituted a cause of action for which the Commissioner was entitled to a nonsuit. *Id*. at 71, 400 S.E.2d at 173. The Commissioner had sought a nonsuit at trial after the trial court had granted Barbara and William Trouts' motion to preclude the Commissioner from adducing any expert testimony as a sanction for incomplete discovery responses. *Id*. Prior to trial, the Commissioner had caused a certificate of deposit to be recorded which vested the Commissioner with title to a tract of land owned by the Trouts. *Id*. at 71, 400 S.E.2d at 172. In finding that a nonsuit of right was not available to the Commissioner in a condemnation proceeding, the Court addressed the term "cause of action" in the context of Virginia's nonsuit statute. *Id*. at 73, 400 S.E.2d at 173. The Court observed that:

> the parties to a condemnation proceeding are not in the position of plaintiffs and defendants in traditional actions or suits. The exercise of the power of eminent domain, and the implementation of the constitutional just-compensation clause which circumscribes it, grow out of an entirely different history. Traditional burden-of-proof rules are inapplicable to condemnation cases. . . . The petitioner in a condemnation case is, therefore, not a traditional plaintiff. Although he has the statutory duty to institute the proceeding, he has no ultimate "risk of nonpersuasion."

Indeed, after the condemnor has acquired title and instituted the proceeding for the ascertainment of just compensation, he is in the position of a *defendant*. The owner is the party seeking an award of compensation and damages; the condemnor's interest is to defend against an excessive award. The condemnor, therefore, is not entitled to nonsuit the proceeding over the owner's objection because of any traditional advantages inhering in the position of a plaintiff in an action at law.

*Id.* at 73-74 (citations omitted) (emphasis added). In the instant proceeding; however, contrary to the situation in condemnation proceedings, no shifting of burdens takes place as the County maintains its burdens of production and persuasion throughout these circuit court proceedings. Given that, *Trout* is inapposite.

Next, the Defendants contend that a nonsuit is not available to the County because this matter is an appellate proceeding and therefore does not implicate a "cause of action" as envisioned by the nonsuit statute. The Supreme Court of Virginia has, in fact, observed, albeit in *obiter dicta*, that a nonsuit is "unsuited to pure appellate procedure." *Gemmell v. Svea Fire, etc., Inc.*, 166 Va. 95, 97, 184 S.E. 457, 458 (1936). In *Gemmell*, the Supreme Court did not, however, delineate the parameters of "pure appellate procedure." *Id.* In actuality, the appellate issue in *Gemmell* involved the *res judicata* effect of a judgment for a defendant by a trial justice on a claim which was appealed for a trial *de novo* and then nonsuited on appeal. *Id.* at 99, 184 S.E. at 458. Thus, *Gemmell* does little to inform this court's decision on the County's Motion to Nonsuit.

The true nature of a circuit court proceeding on a petition for writ of certiorari from a BZA determination appears to be unsettled. The Supreme Court of Virginia has, in fact, in at least one case, observed that whether a circuit court hearing to review a determination by a BZA constitutes an appeal remains an undecided issue. See *Virginia Beach Beautification Comm'n v. Board of Zoning Appeals*, 231 Va. 415, 417, 344 S.E.2d 899, 901 (1986) ("This holding assumes, but does not decide, that a petition for certiorari under [the predecessor to 15.2-2314] is an 'appeal' from a decision of a board of zoning appeals, within the meaning of [former] § 17-116.05 (1)."). What is clear, however, is that an appeal to a circuit court of a determination by a BZA differs substantially from an appeal of a circuit court judgment to the Supreme Court or the Court of Appeals of Virginia. Similar to the position enjoyed in a typical appeal by the prevailing party in the circuit court, the party who prevailed before the BZA is cloaked in any subsequent circuit court proceeding with a statutory presumption of the correctness of the BZA decision. See Va. Code § 15.2-2314. However, while the record on appeal to either the Supreme Court or the Court of Appeals is limited to that which was presented to the trial court, see Rules of Supreme Ct. of Va. 5:10, a circuit court reviewing a BZA decision is statutorily empowered to consider other information. Indeed, the Virginia Code explicitly authorizes a circuit court to receive evidence extrinsic to the BZA record. Specifically, Virginia Code § 15.2-2314 states in relevant part as follows:

> In the case of an appeal from the board of zoning appeals to the circuit court . . . the decision of the board of zoning appeals shall be presumed to be correct. The appealing party may rebut that presumption by proving by a preponderance of the evidence, *including the record before the board of zoning appeals*, that the board of zoning appeals erred in its decision. *Any party may introduce evidence in the proceedings in the court.*
>
> If, upon the hearing, it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take evidence or appoint a commissioner to take evidence as it may direct and report the evidence to the court with his findings of fact and conclusions of law, which shall constitute a part of the proceedings upon which the determination of the court shall be made. The court may reverse or affirm, wholly or partly, or may modify the decision brought up for review.

Va. Code § 15.2-2314 (emphasis added). The plain language of Virginia Code § 15.2-2314 therefore empowers a circuit court conducting a review of a BZA determination to augment the record forwarded by the BZA, even after the circuit court has conducted a hearing. The court may, *sua sponte*, determine that additional evidence should be taken and may appoint a commissioner to take such evidence and to make findings of fact and conclusions of law which become part of the record before the circuit court. Thus, despite the presumption of correctness afforded to a determination of a BZA, the plain language of Virginia Code § 15.2-2314 authorizes a circuit court to conduct what is, in essence, an evidentiary trial, with the BZA record constituting only part of the evidence to be considered by the court in making its final determination. Hence, this court rejects Defendants' argument that the Supreme Court's dicta in *Gemmell* should govern whether the County can suffer a nonsuit in this matter.

In fact, contrary to the Defendants' position herein, the County's claim does constitute a cause of action under Virginia Code § 8.01-380. As the Supreme Court has explained:

> [i]n a common-law setting, a cause of action is a set of operative facts which, under the substantive law, may give rise to a right of action. A right of action belongs to some definite person; it is the remedial right accorded that person to enforce a cause of action. It arises only when that person's rights are infringed.

*Roller v. Basic Construction Co.*, 238 Va. 321, 327, 384 S.E.2d 323 (1989); see also *Davis v. Marshall Homes*, 265 Va. 159, 576 S.E.2d 504 (2003) (defining "cause of action" in the context of a claim of *res judicata* as "an assertion of particular legal rights which have arisen out of a definable factual transaction"). Here, the FBZA made a determination regarding the proposed use of the Lees' property on January 20, 2004. This decision and the bases upon which it rests constituted the operative facts that gave rise to the right of any aggrieved party, including the County, to petition for a review of the FBZA determination in the circuit court. No right of action for the County to enforce its cause of action arising from these operative facts existed prior to the time the final FBZA determination was made. This court therefore finds the County's claim in the instant proceeding to be a cause of action for which a nonsuit is potentially available pursuant to Virginia Code § 8.01-380.

(B) *Whether the Six Month Window for Re-filing after a Nonsuit Is Inconsistent with the Statutory Intent Underlying Va. Code § 15.2-2314*

The FBZA next contends that a nonsuit is not appropriate in this proceeding because it would effectively convert the thirty day limitations period established by the General Assembly for filing an appeal from a determination by a BZA into a period of seven or more months. The FBZA asserts that this is contrary to the clear intent of the General Assembly that disputes involving the rights of property owners to the use of their land be expeditiously resolved.

Virginia Code § 15.2-2314 does, in fact, establish a brief window for filing a petition for writ of certiorari to a BZA determination. Virginia Code § 15.2-2314 states in relevant part as follows:

> Any person or persons jointly or severally aggrieved by any decision of the board of zoning appeals, or any aggrieved taxpayer or any officer, department, board, or bureau of the locality, may file with the clerk of the circuit court for the county or city a petition specifying the grounds on which aggrieved within 30 days after the final decision of the board.

Va. Code § 15.2-2314. This limitations period, applies solely to the *initial* filing of a petition for writ of certiorari, not unlike other provisions of the Code of Virginia which provide limitations periods by which suits must be initiated.

Virginia Code § 8.01-229, to the contrary, establishes the applicable time frame to *re-file a claim after a plaintiff has suffered a voluntary nonsuit.* That Code section states in relevant part as follows:

> If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation . . . whichever period is longer. *This tolling provision shall apply . . . to all actions irrespective of whether they arise under common law or statute.*

Va. Code § 8.01-229(E)(3) (emphasis added). The Supreme Court of Virginia has found that Virginia Code § 8.01-229(E)(3) provides "a window of six months during which a nonsuited action can be recommenced even if it was originally filed on the last day of the applicable statute of limitations." *Simon v. Forer*, 265 Va. 483, 489, 578 S.E.2d 792, 795 (2003). Defendants argue that applying the provisions of Virginia Code § 8.01-229(E)(3) in the instant case would eviscerate the thirty day limitations period specifically provided by Virginia Code § 15.2-2314 and would be inconsistent with principles governing statutory interpretation of general versus specific statutes. Such a position is not supported by either the plain language of Virginia Code § 8.01-229(E)(3) or Virginia case law regarding the interplay between general and specific statutory provisions.

Initially, the plain language of Virginia Code § 8.01-229 renders it applicable to *all* actions, whether arising at common law or by statute. And, "[w]here the General Assembly has expressed its intent in clear and unequivocal terms, it is not the province of the judiciary to add words to the statute or alter its plain meaning." *Jackson v. Fidelity & Deposit Co.*, 269 Va. 303, 313, 608 S.E.2d 901, 906 (2005) (citations omitted).

Further, the court is not persuaded by the FBZA's argument that § 8.01-380 and § 8.01-229 are statutes of general applicability, the provisions of which cannot be invoked to undermine the clear legislative intent of a more specific statute limiting the BZA appeal period to thirty days. The rule of statutory construction upon which the FBZA relies, that statutes of specific application take precedence over more general statutes, is inapplicable to the instant facts, as this rule only applies "when two statutes address the same subject matter and are in conflict." *Welding, Inc. v. Bland County Service Auth.*, 261 Va. 218, 224, 541 S.E.2d 909, 912 (2001). Indeed, when one

statute speaks to a subject in a general way and another deals with a part of the same subject in a more specific manner, the two should be harmonized, if possible. *Frederick County School Bd. v. Hannah*, 267 Va. 231, 236, 590 S.E.2d 567, 569 (2004). In fact, in *Welding*, the Supreme Court held that, even in a case involving the shortened limitations period for the filing of claims pursuant to the Virginia Public Procurement Act, the tolling provisions of Virginia Code § 8.01-229 still applied. *Welding*, 261 Va. at 224-25, 541 S.E.2d at 912. Here, as there, the relatively brief statutorily prescribed period for the *initiation* of such a claim can be fully harmonized with the provisions of Virginia Code § 8.01-229 governing the *re-institution* of such an action after a nonsuit.

Finally, when the applicability of the tolling provision of Virginia Code § 8.01-229(E)(3) has been called into question, the General Assembly has reiterated its intent that this provision applies to *all* actions. Specifically, in *Dodson v. Potomac Mack Sales & Service, Inc.*, 241 Va. 89, 95, 400 S.E.2d 178, 181 (1991), the Supreme Court of Virginia held that the 1984 version of Virginia Code § 8.01-244(B)[2] contained a specific tolling provision which trumped the provisions of Virginia Code § 8.01-229(E)(3) if a nonsuit was suffered to a wrongful death claim. *Id.* at 91-92, 400 S.E.2d at 179. The very

---

[2] Virginia Code § 8.01-244. Actions for wrongful death; limitation.

A. Notwithstanding the provisions of § 8.01-229 B, if a person entitled to bring an action for personal injury dies as a result of such injury with no such action pending before the expiration of two years next after the cause of action shall have accrued, then an action under § 8.01-50 may be commenced within the time limits specified in subsection B of this section.

B. Every action under § 8.01-50 shall be brought by the personal representative of the decedent within two years after the death of the injured person. If any such action is brought within such period of two years after such person's death and for any cause abates or is dismissed without determining the merits of such action, the time such action is pending shall not be counted as any part of such period of two years and another action may be brought within the remaining period of such two years as if such former action had not been instituted. *However, if a plaintiff suffers a voluntary nonsuit pursuant to § 8.01-380, the nonsuit shall not be deemed an abatement nor a dismissal pursuant to this subsection, and the provisions of subdivision E 3 of § 8.01-229 shall apply to such a nonsuited action.*

Va. Code § 8.01-244(A), (B).

same year, however, seemingly in response to the Supreme Court's decision in *Dodson*, the General Assembly added language to Virginia Code § 8.01-244(B) clarifying that the tolling provision of Virginia Code § 8.01-229(E)(3) do indeed apply upon a voluntary nonsuit of a wrongful death claim.[3]

Here, this court concludes that there is no conflict between Virginia Code §§ 15.2-2314 and 8.01-229, as Virginia Code § 15.2-2314 articulates the limitations period for the initial filing of a claim arising from an adverse decision by a BZA whereas Virginia Code § 8.01-229(E)(3) creates and defines the contours of a tolling of the limitations period upon the exercise of a voluntary nonsuit.

In our constitutional form of government, it is axiomatic that it is the legislative, not the judicial branch of government, that is granted the authority to both create and determine the appropriate scope of laws enacted to further the public policies supported by the people's elected officials. This court declines the FBZA's invitation to usurp the legislature's constitutional authority by writing into Virginia Code §§ 8.01-229 and 8.01-380 provisions directing that they not be applied when the General Assembly has prescribed a shortened limitations period for the initial filing of a suit based upon a particular cause of action. No such limitations have been placed in these statutes by the Virginia General Assembly and, as the Supreme Court of Virginia has previously admonished, "a court should not add them by judicial fiat." *McManama v. Plunk*, 250 Va. 27, 458 S.E.2d 759 (1995). Cf. *Board Sup. v. Board Zoning Appeals*, 225 Va. 235, 302 S.E.2d 19 (1983) (finding that the statutory appeal process for appeal of a BZA determination does not limit the ability to add parties after the thirty day period consistent with statutes and Supreme Court Rules on addition of parties).

The court therefore rejects Defendants' argument that the thirty day limitations period in Virginia Code § 15.2-2314 necessarily precludes application of the tolling provisions set out in Virginia Code § 8.01-229(E)(3). Consequently, this court holds that a nonsuit can lie to the instant petition.

---

[3] The italicized language in Virginia Code § 8.01-244 in the footnote above was added by Acts of the Assembly of 1991 roughly five months after *Dodson* was decided. The Editor's Note to the 1991 amendments reiterated that the additional language added to Virginia Code § 8.01-244(B) merely clarified what was already the intent of the General Assembly, that Virginia Code § 8.01-229(E)(3) applies in wrongful death suits as in all other cases. That Editor's Note states in relevant part as follows: "That the provisions of this act are declaratory of the original intent of the General Assembly in enacting chapter 617 of the 1977 Acts of Assembly."

*(C) Whether This Matter Had Been Submitted to the Court for a Decision before the County Moved for a Nonsuit*

Finally, Defendants contend that the County is precluded from taking a nonsuit under the plain language of Virginia Code § 8.01-380, as the matter had already been submitted to the court for decision before the County filed its nonsuit motion. Here, again, neither the applicable law nor the facts support the Defendants' position.

In Virginia, although a party plaintiff is entitled to one nonsuit of right as to any cause of action or claim, the motion for nonsuit must be timely filed. Virginia Code § 8.01-380(A) provides in relevant part that a party may nonsuit if "he does so before a motion to strike the evidence has been sustained or before the jury retires from the bar or before the action has been submitted to the court for decision." Va. Code § 8.01-380(A). An action may be submitted "either as the result of oral or written argument, formal notice and motion, or by tendering a jointly endorsed sketch for a decree." *Moore v. Moore,* 218 Va. 790, 795, 240 S.E.2d 535, 538 (1978). A matter is deemed submitted to the court when "the parties by counsel . . . [have] yielded the issues to the court for consideration and decision." *Transcontinental Ins. Co. v. RBMW, Inc.,* 262 Va. 502, 514, 551 S.E.2d 313, 319 (2001) (citations omitted).

Even though a matter may have been fully argued, "when further submissions from the parties are contemplated, a matter has not been finally yielded for decision or finally determined." *Liddle v. Phipps,* 263 Va. 391, 394, 559 S.E.2d 690, 692 (2002) (holding that a discovery order providing for sanctions, including dismissal, for noncompliance contemplated additional review by the trial court to determine compliance and, thus, the matter had not been submitted to the court for a decision); see also *Kelly v. Carrico,* 256 Va. 282, 504 S.E.2d 368 (1998) (holding that there was no submission to the court for decision because the motion for nonsuit was made before the court recessed after oral argument to consider the merits of the motion for judgment on the pleadings); *City of Hopewell v. Cogar,* 237 Va. 264, 377 S.E.2d 385 (1989) (holding that there was no submission to the court because, although the motion for nonsuit was made after oral argument, it was made before the expiration of the period for the litigants to file additional memoranda in support of their positions on a motion for summary judgment).

In the instant case, this court clearly contemplated additional action would be taken after the Supreme Court issued its ruling in *West Lewinsville,* as is evident from the transcript of the May 3, 2005, hearing and subsequent letters transmitted between counsel and this court. Both

parties submitted post-hearing memoranda at this court's direction after the May 3 hearing. Accompanying those memoranda were letters from counsel for both the FBZA and the Lees indicating a time frame in which the Supreme Court would hear the *West Lewinsville* matter. See Letter from counsel for the Lees to Judge Stanley P. Klein (May 17, 2005) and letter from counsel for the FBZA to Judge Stanley P. Klein (May 24, 2005). It is clear from the language of these letters that the parties and this court believed the decision of the Supreme Court in *West Lewinsville* could affect the outcome of this case and, as a result, the determination of the issues taken under advisement by this court at the May 3 hearing would be reserved, at a minimum, until the Supreme Court decided *West Lewinsville*.

On October 17, 2005, after the Supreme Court ruled in *West Lewinsville*, this court contacted counsel to determine the position of the County in light of the Supreme Court's decision. The court's letter of October 17 states, in part:

> As the Court's opinion appears to mandate dismissal of this matter, I would ask that Mr. Foster advise me no later than the close of business, October 24, 2005, as to the position of the Board of Supervisors of Fairfax County in this matter in light of the Supreme Court's recent decision.

Letter from Judge Stanley P. Klein to John E. Foster, Assistant County Attorney, William M. Baskin, counsel for the Lees, and Brian M. McCormack, counsel for the FBZA (Oct. 17, 2005).

Although the Lees argue that the October 17 letter "acknowledges that the *West Lewinsville* ruling is dispositive in this matter," the plain language of the letter indicates that this court was prepared to entertain additional discussion of this matter in light of the Supreme Court's *West Lewinsville* decision.

Additionally, by letter dated October 19, 2005, counsel for the FBZA indicated a desire for a phone conference between counsel and the court in light of a pending Motion for a Rehearing in the West Lewinsville case, again indicating that additional actions in this matter were contemplated. After the Court's receipt of a reply letter from counsel for the County, the court replied by letter dated October 31, 2005, as follows:

> Obviously, I will not take any action in the above matter until such time as the Supreme Court has ruled on the Motion for Rehearing.

I would appreciate you advising me when a decision has been rendered *so that I can schedule a hearing in this matter* to determine how we will be proceeding. *I have no intention of entering any order until such time as I conduct a further hearing.*

Letter from Judge Stanley P. Klein to John E. Foster, Assistant County Attorney, William M. Baskin, counsel for the Lees, and Brian M. McCormack, counsel for the FBZA (Oct. 31, 2005) (emphasis added).

It is eminently clear from the language of this correspondence that, as of October 31, 2005, this court and the parties contemplated additional action in this matter. Thus, this case had not been submitted to the court for determination and a nonsuit therefore is not barred.

## III. *Conclusion*

The plain language of Virginia Code § 8.01-380 provides that one nonsuit of right is available as to any cause of action. The County's Petition herein constitutes a cause of action and thus one nonsuit of right is available to the County. Furthermore, the tolling provisions of Virginia Code § 8.01-229 apply to the instant proceeding as the General Assembly has articulated an intent that those provisions apply to all proceedings, absent specific statutory provisions to the contrary. Finally, as this court and the parties clearly anticipated that additional actions would be taken after the court took the Defendants' demurrers and pleas in bar under advisement, this matter had not been submitted to the court for decision prior to the County's Motion for Nonsuit. Accordingly, the County's Motion for Nonsuit is granted and the determination of the BZA remains in effect.